CASE 37—PETITION ORDINARY—FEBRUARY 9.

# Scott vs. Cook.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. Scott sued Cook for slander, in charging him with perjury in testifying that a lot of corn in contest was unsound. Cook justified. The jury found "that the corn was sound, and that plaintiff, Scott, was mistaken as to the soundness thereof, and, therefore, find for the defendant, Cook." *Held*—That the verdict did not justify a judgment for the defendant, but would, if it had not been too equivocal, have authorized a verdict for the plaintiff.

2. Corrupt motive is indispensable to perjury and all other crimes; and one having knowledge respecting the fact, who testifies, however positively, only what he believes to be true, can be guilty of no crime, although he was "mistaken."

G. W. Dunlap, for appellant, cited 2 *Greenl.*, 414; *Litt. Sel. Cas.*, 376.

J. F. Bell, on same side, cited 2 *Bibb*, 616; 7 *Mon.*, 560; 1 *Dana*, 502; 1 *B. M.*, 106, 122; 11 *B. M.*, 236.

M. J. Durham, J. S. VanWinkle, and E. L. VanWinkle, for appellee, cited 2 *Rev. Stat.*, 385.

JUDGE ROBERTSON delivered the opinion of the court:

John Scott, the appellant, sued John V. Cook, the appellee, for slander, in charging him with perjury in testifying before arbitrators that a lot of corn, the quality of which was in contest, was unsound. Cook, in his answer, repeated and justified the charge. And, on that issue, the jury returned the following verdict: " We, of the jury, believe, from the testimony, that the corn was sound, and that plaintiff, Scott, was mistaken as to the soundness thereof; and therefore find for the defendant, Cook." And, on that verdict, the circuit court rendered a judgment in bar of the action.

Such an irresponsive and anomalous verdict can be accounted for only by ascribing it to the following instruction, which, among others squinting a kindred doctrine, was given to the jury: " If the jury believe, from the evidence, that the corn was sound, and that plaintiff, Scott, in his said testimony, willfully, falsely, and absolutely testified on said trial that the corn was unsound or rotton, *whether he believed it to be so or not*, and that the said testimony was material to the point in question, they should find for defendant, Cook."

If it be conceded that swearing absolutely to the truth by a witness, who had no knowledge of the fact or means of knowing it—indicating, as such recklessness would, a corrupt heart and malevolent purpose—may be perjury punishable by indictment, still this instruction is radically erroneous in assuming that, even though Scott had examined the corn, and believed it unsound, and, therefore, honestly testified to what he thought was true, yet, nevertheless, if the jury believed, from other testimony, that it was sound, he was guilty of perjury. This is not—cannot be—law. Perjury is a high crime; and, as in all other crimes, corrupt motive is the indispensable essence of criminality. Consequently, every good indictment for perjury charges, in effect, either that the swearing was corrupt, or

that it was known by the witness to be false. A witness must be corrupt, and is animated by a sinister motive of mischief, who testifies positively to a fact of which, even though it be true, he has no knowledge. But one who, having knowledge respecting the fact, honestly testifies, however positively, only what he believes to be true, can be guilty of no crime, although he was "mistaken." In such a case, there is neither corruption nor *mala mens*. And, in this respect, there is no vital, but only a formal, difference between swearing absolutely to a fact, and testifying that the witness believes the fact—for testifying that a fact exists can mean no more than that the witness believes that it exists.

This instruction is inaccurate, also, in leaving to the jury the judicial question of materiality.

The verdict imports that the appellant did not testify corruptly, without any knowledge as to the quality of the corn, or with the knowledge that it was sound, and that he was only mistaken in his opinion. Such a verdict certainly did not justify the judgment for the appellee; and, had it not been too equivocal for judicial recognition, the judgment on it should have been for the appellant.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.