## Walker, et al. v. Commonwealth.

(Decided January 13, 1915.)

Appeal from Carter Circuit Court..

1. Perjury—False Swearing—Trial Under Indictment for—Instructions.—On the trial of one indicted for false swearing, it was error in the court to fail to instruct the jury that before they could convict the accused his guilt must be established beyond a reasonable doubt by the testimony of two witnesses, or of one witness and strong·corroborating circumstances.

2. Perjury—False Swearing—Indictment for—Improper Joinder.—False swearing or perjury is not an offense for which two or more persons can be jointly indicted. The offense can only be committed by an individual in his individual capacity. The crime being distinct, several persons cannot be joined, only one can be made defendant.

H. L. WOODS for appellant, William Walker.

CALHOUN B. WILHOIT for appellant, Dave Hall.

R. T. KENNARD for appellant, Dave Hall.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellants, Bill Walker and Dave Hall, were jointly indicted by the grand jury of Carter county for the crime of false swearing, and, upon being jointly tried, were each found guilty by the verdict of the jury, their punishment being fixed by judgment of the court at imprisonment in the penitentiary for one year each. They were refused a new trial and both have appealed.

Without discussing all the grounds urged for a new trial, and now relied on for a reversal, it is sufficient to say that the complaint that the circuit court failed to properly instruct the jury as to all the law of the case must be sustained. In other words, the trial court did not instruct the jury, as it should have done, that before they could convict either of the defendants in this case, their guilt must be established beyond a reasonable doubt by the testimony of two witnesses, or of one witness and strong corroborating circumstances. This omission will compel the reversal of the judgment. As said in Goslin v. Commonwealth, 121 Ky., 698:

"This is an old rule of evidence, and therefore a rule of law, applicable to the rights of persons as well as to the rights of property. It is not merely a technical rule, but one of substantial justice, and founded upon a safe and wise public policy. Not only would it be unsafe, as it is sometimes said of it, that one man's oath in such matter should outweigh another's, which is possibly not entirely satisfactory, in view of the fact that it may do so in respect to property, or even life, but it is a matter of first importance in the administration of justice that witnesses should feel themselves safe in testifying to their own conception, recollection, and honest belief as to the facts forming the subject of inquiry in the courts. If it were so that one man could be convicted of perjury or false swearing by the oath alone of another who testifies to the contrary, the timid and the humble and obscure would not feel safe, and would not be safe, in giving their testimony where it might be opposed by that of one of influence and prominence. It is right that the jury, or other tribunal trying the fact, should have the privilege of weighing the evidence, or discrediting one witness entirely and believing another, according to the probability of the matter as it seems to them; but if the law allowed that one man's oath might convict another of perjury or false swearing, the effect would be to deter the timid and obscure person, and to that extent retard the administration of pure justice.

It would deprive the court or jury, in many instances, of a full hearing from all who might have knowledge as witnesses of the facts being tried.   *   *   *   This wise old rule of the common law is one which this court has always recognized and enforced. It applies alike to prosecutions for false swearing and perjury; for those offenses are alike, and the principles and policy of the law applicable to one, save wherein modified by statute, apply to the other. (Commonwealth v. Davis, 92 Ky., 460, 13 Ky. Law Rep., 676, 18 S. W., 10.)''

Although instruction No. 1 is not specifically objected to, as the appellants will doubtless be further prosecuted, we deem it proper to say that the instruction incorrectly submitted to the decision of the jury the question whether the false statements alleged to have been made by the appellants were made in answer to questions ''that could be legally asked.'' It was the duty of the court to determine whether the questions to which they made the false answers, if any, were such as could legally be asked them. So the words quoted should have been omitted from the instruction and the words ''were asked them'' substituted therefor. In addition, the instruction should have advised the jury in clearer language that, in order to find the appellants guilty, it was not only necessary that they believe from the evidence, beyond a reasonable doubt, that the statements made by them were false, but also that they (appellants) knew them to be false when made.

We find no merit in appellants' complaint of the trial court's refusal of the peremptory instruction asked by them. Without expressing an opinion as to the weight or effect of the evidence, we think it was sufficient to authorize the submission of the case to the jury, although we are constrained to set aside the verdict and direct a new trial because of the court's failure to properly instruct them.

While the appellants make no complaint of their being jointly indicted for the crime charged, we think the joinder was unauthorized. The offense charged is not an offense in which two or more persons may participate, and for which they may be jointly indicted or tried, as in murder or other crimes, in the commission of which there may be accomplices or accessories. False swearing or perjury is an offense which can only be committed by an individual in his individual capacity. As said in Roberson's Criminal Law, Section 349:

"The crime being distinct, several persons cannot be joined. Only one can be made defendant. Even supposing two persons do swear jointly to the same affidavit, it is impossible to suppose that they did so at the same moment of time, so as to make the offense exactly joint." Wharton Crim. Law, Section 1253.

In view of this conclusion, upon the return of the case to the court below, the present indictment should be dismissed and the case remanded to the grand jury, that appellants may be separately indicted for the offense charged.

Appellants' complaint of the refusal of the circuit court to grant them the continuance asked will not be considered, as they will have ample opportunity to procure the attendance, for the next trial, of all their witnesses who were absent at the last trial.

For the reasons indicated the judgment is reversed and cause remanded for a new trial and further proceedings consistent with the opinion.