## Jarboe v. Commonwealth.

(Decided October 7, 1924.)

### Appeal from Daviess Circuit Court.

1. **Perjury—Statement on Oath Administered to Bondsmen Need Not be Reduced to Writing.**—Criminal Code of Practice, section 77, requiring persons offered as bail to be examined on oath, is mandatory as to examination, but merely permissive in so far as it empowers officer to reduce oath to writing, and one swearing falsely as to his pecuniary condition is guilty of offense, though oath is not reduced to writing.

2. **Perjury—Insufficiency of Warrant of Arrest or Validity of Bond Immaterial in Prosecution of Bail for False Swearing.**—In prosecution of bail falsely swearing under Criminal Code of Practice, section 77, it is immaterial whether warrant of arrest was sufficient or whether bond was valid.

3. **Perjury—That Name of Bail Charged with False Swearing was Not on Tax List was Not Sufficient Evidence that he was Without Property.**—That name of bail charged with false swearing under Criminal Code of Practice, section 77, was not on tax list of July 1,

1923, was not sufficient evidence to warrant conviction for false swearing on March 24, 1924, as to amount of property owned.

ELMER L. BROWN and AUD & HIGDON for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY— Reversing.

This is an appeal from a judgment convicting appellant of false swearing, and fixing his punishment at confinement in the penitentiary for a period of two years and six months.

The facts as developed by the evidence for the Commonwealth are these: On March 24, 1924, one James Haydon was arrested on a warrant issued by J. F. Hite, justice of the peace of Daviess county, and charging Hayden with the unlawful possession of intoxicating liquor. On the same day Hayden was arrested and brought before the justice and offered to execute bond with appellant as surety. The justice administered the oath to appellant and examined him as to his property qualifications. Appellant responded that he owned real estate in the city of Owensboro of the value of $2,500.00, and did not owe a penny. In answer to the question, "You are good on a bond, you have got over and above the $1,500.00?" appellant said "Yes." At the same time appellant stated that Judge Higdon had taken him on a bond at his office. Thereupon the justice accepted the appellant as surety and appellant and Hayden executed their bond, conditioned for the appearance of Hayden on March 26th. Hayden never appeared and the bond was forfeited.

It is first insisted that both the indictment and proof were insufficient to sustain conviction because it was nether alleged, nor shown, that the oath administered to appellant was reduced to writing. On this question section 77, Criminal Code, is controlling, and reads as follows:

> "The person, or persons, offered as bail shall be examined on oath in regard to their qualifications as bail, and any officer authorized to take bail is authorized to administer the oath, reduce the statements on oath to writing, and require the person offered as bail to sign the statement. Other proof may also be taken in regard to the sufficiency of the bail."

It will be seen that while the Code provides that a person offered as bail *shall be* examined on oath in regard to his qualifications, it merely authorizes the officer to reduce the statement on oath to writing, and require the person offered as bail to sign the statement. In other words, the language is mandatory as to the examination on oath, but merely permissive in so far as it empowers the officer to reduce the oath to writing. It follows that it was not essential to a conviction that the oath be reduced to writing.

The sufficiency of the warrant of arrest of Hayden, and the validity of the bond, are called in question, but this is not a prosecution of Hayden, nor an action on the bond, and these matters are wholly immaterial. All that was necessary to allege and prove was that appellant wilfully and knowingly swore falsely on a subject concerning which he could be legally sworn, and before a person authorized to administer the oath. Commonwealth v. Davis, 94 Ky. 612, 23 S. W. 218.

We think the justice was sufficiently corroborated by the constable as to appellant's examination on oath, and his statement as to the amount of property he owned, but the sufficiency of the evidence to show that appellant did not own the amount of property claimed is a more serious question. The sheriff and deputy tax commissioner testified that appellant's name was not on the tax list of July 1, 1923, and Guy Aull testified that he was not on the omitted tax list. This was all the witnesses knew on the subject. The question is, did appellant have property of the stated amount on March 24, 1924? The tax list and the omitted tax list included only those who owned property on July 1, 1923. Between that date and March 24, 1924, there was a period of nine months, during which appellant could have acquired property that would not have appeared on the tax list in his name. In view of the fact that property is sometimes omitted by the taxpayer, and not discovered by the listing officer, it is doubtful if the omission of appellant's name from the tax list was of itself sufficient to show that he did not own any property on July 1, 1923; but, however that may be, it is clear beyond all controversy that that fact uncorroborated by other evidence was not sufficient even to raise the presumption, to say nothing of proving beyond a reasonable doubt that appellant did not own property at a time nine months later. The evidence being insufficient to show that appellant did not own the stated amount of

property on March 24, 1924, it follows that the evidence was likewise insufficient to show that he swore falsely on that occasion, and his motion for a peremptory instruction should have been sustained.

Judgment reversed and cause remanded for a new trial consistent with this opinion.