## Barrett v. Commonwealth.

(Decided September 28, 1926.)

### Appeal from Breathitt Circuit Court.

1. Perjury.—Indictment for false swearing in making affidavit in support of motion for new trial held sufficient.

2. Perjury—Indictment for False Swearing in Making Affidavit Held Not Required to be More Specific than the Affidavit in Matters Covered by it.—Indictment for false swearing in making affidavit in support of motion for new trial, to effect that affiant saw a relative of deceased and a juror whispering together and nodding their heads at each other, held not required to be more specific than affidavit in matter of when and where whispering or nodding occurred.

3. Criminal Law.—In prosecution for false swearing in making affidavit in support of motion for new trial in criminal action, record of trial in such action held properly read as best evidence that affidavit was made as charged.

4. Criminal Law—In Prosecution for False Swearing to Whispering Between Juror and Relative of Deceased, Testimony of Jurors that such Whispering could Not have Occurred Without Their Seeing it Held Improperly Admitted, Though Not Reversible Error.—In prosecution for false swearing in making affidavit to effect that affiant had seen juror in criminal case and a relative of deceased whispering together during trial, testimony of other jurors that they did not believe that such whispering would have been possible without their seeing it held improperly admitted, though not grounds for reversal.

5. Criminal Law.—Judgment may only be reversed where on whole case court is satisfied that defendant's substantial rights have been prejudiced.

6. Perjury.—Evidence on trial for false swearing in making affidavit in support of motion for new trial in criminal case held sufficient to take case to jury.

7. Criminal Law.—Alleged improper argument of Commonwealth's attorney must be contained in bill of exceptions to be reviewable.

A. S. JOHNSON and A. H. PATTON for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

Opinion of the Court by Commissioner Hobson—Affirming.

On the motion for a new trial in the case of the Commonwealth v. Nan Mullins in the Breathitt circuit court, Andrew J. Barrett made the following affidavit:

"The affiant, Andrew J. Barrett, says that he lives at St. Helens, Ky.; that his wife is a cousin of the defendant; that he was in Jackson and present in the courtroom during the trial of this action. He says he is acquainted with John Caudill, a brother of deceased, Henry Caudill, that at several different times during the progress of said trial he saw the said John Caudill and one of the members of the jury that tried the defendant whispering to each other and nodding their heads at each other; that he was informed that the juror was Jim Gross."

He was indicted for false swearing in making the affidavit. On the trial of the case he was found guilty and his punishment fixed at imprisonment in the penitentiary for two years and one day. He appeals.

On the trial of the case the Commonwealth proved by John Caudill and Jim Gross that nothing occurred between them, as set out in the affidavit. Seven other members of the jury were introduced who testified that they were present during the trial and saw and heard what occurred and that nothing of this sort occurred, to their knowledge. The defendant was sworn and testified that as the jury was leaving the courtroom at one of the recesses he saw John Caudill and one of the jury whispering with each other and nodding their heads at each other, but he said this juror was not Jim Gross, who was present on the hearing, although he said that he was informed at the time that the man he saw doing this was named Jim Gross. He also testified that he was not kin to the defendant in that case and had no interest in it. He introduced several witnesses proving that he was a man of good character for truthfulness.

A reversal is asked on the ground that the court improperly overruled the defendant's demurrer to the indictment, also on the ground that he erred in admitting testimony and in failing to instruct the jury peremptorily to find for the defendant. It is also insisted that the judgment should be reversed for misconduct of the Commonwealth's attorney in his final argument to the jury.

It is specifically charged in the indictment that in truth and in fact John Caudill and Jim Gross, or any other member of the jury, did not whisper to each other or nod their heads at each other during the trial and that Barrett did not see anything of this sort occur during the trial and that his statement in the affidavit was false and was known by him to be false and was corruptly made by him. The indictment follows a form which has been often approved by the court. Singleton v. Commonwealth, 210 Ky. 456. It was not necessary for the Commonwealth to charge in the indictment when or where in the trial the whispering or nodding occurred, for this was not alleged in the affidavit, and it was unnecessary for the Commonwealth to be more specific than the affidavit. The demurrer to the indictment was properly overruled.

The court properly permitted the record of the trial of the Commonwealth v. Nan Mullins to be read, for the record was the best evidence that the affidavit was made in that case as charged in the indictment.

Each of the seven jurors testified that John Caudill did not whisper to him or nod at him during that trial; that he did not whisper to Caudill or nod his head at him; that he was present during the whole trial and saw what took place; that the jury were kept together, and that nothing of this sort occurred to his knowledge. He was then asked this question and made this answer:

"Do you think it could have been possible for him to have whispered to a member of that jury or that juror to have whispered to him without your having observed it? (Defendant objects; overruled; defendant excepts.)

"A. I believe it would have been impossible for him to have done that without me seeing it."

His opinion that it would have been impossible for it to have occurred without his seeing it should not have been admitted, but his testimony as a whole brings out very clearly the fact that all he means to testify is this: "I believe I could have seen it if it had happened," for he added, "I didn't see it is all I can say." Taking the testimony as a whole the defendant's substantial rights were not prejudiced, for all the witness means to say is that he was there and saw what occurred and that there was nothing to prevent him from seeing it if it had occurred. Not every slip in the progress of a trial is

ground for reversal. A judgment may only be reversed when upon the whole case the court is satisfied that the defendant's substantial rights have been prejudiced. That is not the case here.

As the testimony of John Caudill and Jim Gross was confirmed by seven other jurors, there was sufficient evidence to take the case to the jury. The defendant did not at the trial undertake to name the juror he saw whispering with Caudill, and the testimony of the eight men who were present, who saw and heard what occurred, was sufficient corroboration of Caudill's testimony. Walker v. Commonwealth, 162 Ky. 111.

The argument of the Commonwealth's attorney which is objected to in the brief is not contained in the bill of exceptions, and it is a settled rule that an exception of this sort must be presented in the bill of exceptions. Wolf v. Commonwealth, 214 Ky. 554.

The defendant in his own testimony did not sustain his affidavit that the things referred to occurred "at several different times during the progress of the trial." He only testified to seeing them occur once as the jury were leaving the courthouse. On the whole case the judgment cannot be disturbed.

Judgment affirmed.