## Neal v. Commonwealth.

(Decided December 17, 1926.)

### Appeal from Breathitt Circuit Court.

1. Perjury—Statements in Affidavit Supporting Motion for New Trial May be Made Basis of Prosecution for False Swearing (Ky. Stats., Section 1174).—Statements in affidavit, supporting motion for new trial relate to subjects concerning which affiant can legally be sworn, and hence may be made basis of prosecution for false swearing under Ky. Stats., section 1174.

2. Perjury—False Swearing, in Affidavit Supporting Motion for New Trial for Juror's Misconduct, Held for Jury.—Defendant's guilt or innocence of false swearing, in an affidavit supporting a motion for new trial for a juror's misconduct, held for jury.

3. Perjury—Conviction of False Swearing, in Affidavit Supporting Motion for New Trial for Juror's Misconduct, Held Not Flagrantly Against Evidence.—Conviction of false swearing, in an affidavit supporting a motion for new trial for misconduct of a juror, held not flagrantly against the evidence.

DUNN & STAMPER for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

The judgment appealed from convicted appellant, Bertha Neal, of false swearing and fixed her punishment at confinement in the penitentiary for two years.

Section 1174, Kentucky Statutes, reads:

"If any person in ány matter which is or may be judicially pending, or which is being investigated by a grand jury, or on any subject in which he can legally be sworn, or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall willfully and knowingly swear, depose or give in evidence that which is false, he shall be confined in the penitentiary not less than one nor more than five years."

Appellant was charged by the indictment with having sworn falsely in an affidavit filed in support of the motion for a new trial in behalf of Nan Mullins in a prosecution then pending against her in the Breathitt circuit court. It is insisted for appellant that the demurrer to the indictment herein should have been sustained upon the theory that statements made in an affidavit used in support of the grounds for a new trial though false may not be made the basis of a prosecution for false swearing under the section of our statutes, *supra*. In this appellant clearly is in error. The statute, among other things, provides that if any person on any subject in which he can legally be sworn shall willfully and knowingly swear that which is false he shall be confined in the penitentiary not less than one nor more than five years. Under our practice the most common method of producing evidence to support a motion and grounds for a new trial where the ground is either that newly discovered evidence has been found or that jurors were guilty of misconduct is by affidavit. Certainly the statements contained in an affidavit supporting a defendant's motion for a new trial are subjects concerning which the affiant can legally be sworn; and appellant's objection to the indictment upon this ground is poorly founded. The indictment is not criticised in any other particular, and no defect appears. The trial court properly overruled the demurrer to the indictment.

It is insisted for appellant that the trial court erred in not peremptorily instructing the jury to find her not guilty; and in any event the verdict is not sustained by but is flagrantly against the evidence. By the affidavit in question appellant swore that she was present in the Breathitt circuit court while Nan Mullins was being tried for the murder of Henry Caudill, and that while Henry

McIntosh was testifying she saw John Caudill, a brother of deceased, Henry Caudill, whisper at different times to one of the members of the jury, whose name she did not know, but who was sitting on one of the end seats in the jury box, and saw Caudill and that member of the jury make signs to each other and wink at each other. The affidavit itself was introduced in evidence herein. The attorney, who also was a notary public, who prepared it and swore her to it testified herein that he read it to her after it was prepared and that after he did so she subscribed and swore to it. John Caudill was introduced as a witness and testified that he did not, either while McIntosh was testifying or at any other time during the progress of the trial, whisper to any member of the jury or make signs to or wink at any of the jury; and that no member of the jury whispered or made signs to or winked at him. Seven members of the jury that tried Nan Mullins were introduced as witnesses herein, all of whom testified that they did not whisper or make signs to or wink at John Caudill during the progress of the trial, and that he did not whisper or make signs to or wink at any of them; and that they did not see him whisper or make signs to or wink at any member of the jury; and that they did not see any member of the jury whisper or make signs to or wink at him during the progress of the trial. Appellant for herself testified that she was interrogated by the attorney who defended Nan Mullins after the jury had returned a verdict, and that she told him that she was present during the trial of Nan Mullins and that while Henry McIntosh was testifying she saw John Caudill's hat lying on the end of the platform of the jury box in front of one of the jurors whose name she did not know; and that she saw the juror push the hat over toward Caudill, who picked it up and put it on his knee and put one hand behind his ear and the other up to his mouth and whispered to the juror, "I can't understand just what he is swearing." She testified that that was all she told the attorney, and that when the affidavit had been prepared for her she thought that it contained the statements which she had made to the attorney and signed it so thinking and without understanding that it contained the statements which it did contain. The attorney who prepared the affidavit who testified for the Commonwealth, as above indicated, testified

also that he remembered that appellant did make the statements to him about the hat to which she testified. In that state of case it is impossible to conclude that the evidence for the Commonwealth was insufficient to take the case to the jury or that the verdict herein is flagrantly against the evidence. Appellant appears to be able to read and write. The affidavit speaks for itself as to what she swore by subscribing and swearing that its statements were true. The attorney who prepared it stated that he read it to her before she signed it and that she swore that the statements were true. The testimony for the Commonwealth from John Caudill and seven members of the jury that tried Nan Mullins that the statements contained in the affidavit were false was sufficient to make it a question for the jury whether appellant was guilty or innocent of the crime with which she was charged by the indictment. See Barrett v. Commonwealth, 215 Ky. 722. With that evidence on the one side and her own unsupported statement that she did not understand the contents of the affidavit and signed and swore to the truth of its statements believing that it contained only the statement that she testified herein that she had made to the attorney, on the other, a case is presented in which clearly it can not be held that the verdict of the jury is flagrantly against the evidence. The instructions given submitting her guilt or innocence under the law relating to the crime charged are not complained of and properly submitted the issue.

No error to appellant's substantial rights appearing, the judgment will be affirmed.

Judgment affirmed.