## Botner v. Commonwealth

(Decided March 25, 1927.)

## Appeal from Jackson Circuit Court.

1. Criminal Law.—In prosecution of bondsman for perjury as to amount of his property, permitting sheriff of defendant's county to testify as to what defendant listed for taxation was improper; assessment being best evidence.

2. Criminal Law.—Under Ky. Stats., section 4114i-15, in prosecution of bondsman for perjury as to amount of his property, attested copy of his tax assessment schedule was properly admitted in evidence, but was not of great probative value.

3. Criminal Law.—In prosecution for perjury, where defendant had not placed subpoena for witnesses in hands of officer for service, refusing continuance and permission to read from affidavit what evidence of absent witnesses would be was proper.

4. Perjury.—Testimony of single witness, corroborated by copies of tax assessment lists, was not sufficient to sustain conviction of bondsman for perjury as to amount of his property.

5. Perjury.—To convict of "false swearing" or "perjury," every fact essential to establish guilt must be proved beyond reasonable doubt by testimony of at least two witnesses, or one witness and strongly corroborating circumstances.

6. Perjury.—To convict for perjury, jury must not only find that testimony was given, but also find beyond reasonable doubt that it was corruptly false.

7. Perjury.—To convict bondsman for false swearing, relative to acreage and value of his land, that acreage owned was substantially less than stated, that value was substantially less than declared, and that he knew such facts at time of making affidavit, must be shown.

HECTOR JOHNSON, A. W. BAKER and H. N. DEAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Botner has appealed from a judgment imposing upon him one year's confinement in the penitentiary for false swearing.

On May 22, 1923, he became surety upon a bail bond for $200 to secure the release of his son, Burgoyne, who was then in the jail at Jackson county awaiting trial for some misdemeanor. To induce the clerk to accept him as

surety, he signed and swore to an affidavit in which he stated he owned 90 acres of land worth $2,250 free of liens. The boy failed to appear for trial at the appointed time, and the bond was forfeited. Summons, issued thereon, was served on W. H. Botner, he did not appear, judgment was rendered against him, and in due time an execution was issued thereon. When an execution was sent to Owsley county, where he resided, it was returned, "No property found." Thereupon he was indicted, and upon his trial thereunder the commonwealth showed by the evidence of the then sheriff of Owsley county that in 1923 he knew Botner's farm, had been all over it, had known it for 10 or 15 years, and that $1,000 would be a good price for it. This officer was improperly allowed to testify to what Botner listed for taxation. The assessment itself was the best evidence. The county court clerk of Owsley county was next called, and by him an attested copy of Botner's tax assessment schedule was put in the evidence. To this Botner objected and insisted this schedule is a record in the office of the tax commissioner. If he will examine Ky. Stats., section 4114i-15, he will see he is mistaken. While this evidence was admissible, it is of no very great probative value. In the case of L. & N. R. R. Co., v. White Villa Club, 155 Ky., 452, 159 S. W. 983, we said:

> "Generally speaking, it is well understood by juries and everybody else that the amount at which property is assessed throws little light on its actual value, and so the assessed value of property would have small weight with a jury in the ascertainment of its real value."

See also, what we said in the case of Jarboe v. Com., 204 Ky. 737, 265 S. W. 298.

The commonwealth then introduced witnesses to establish the making of the affidavit and bond, whereupon it rested. The defendant's motion for a directed acquittal having been overruled, he took the stand in his own behalf. He admitted making the affidavit and bond; said he had this tract of land that he had leased for oil at 90 acres. He said he had good buildings on his farm, that it was in good shape, he had a good coal bank on it, and that he had never forbidden the sheriff to levy on it. He said that when he made this affidavit and bond, an oil boom was prevailing in Owsley county and land was high.

His land was then under lease, and was worth then $2,000 or $2,500. He admitted his land was listed as claimed by the commonwealth for 1922 as 40 acres, value $500, for 1923 as 50 acres, value $400, and for 1924, as 40 acres, value $300, and said, "I always list my land just as low as I can get by with." He said no levy was made on his land by the sheriff. This is practically all of the evidence.

The court properly overruled Botner's motion for continuance, and refused to permit him to read from his affidavit what the evidence of the absent witnesses would be, as Botner had never placed the subpoena for his witnesses in the hands of an officer for service. This verdict is not sustained by the evidence. To convict one of false swearing or perjury, it is necessary that every fact essential to establish guilt be proved beyond reasonable doubt by testimony of at least two witnesses, or one witness and strong corroborating circumstances. Day v. Com., 195 Ky. 790, 243 S. W. 1051; Hansford v. Com., 170 Ky. 700, 186 S. W. 498; Fugate v. Com., 177 Ky. 794, 198 S. W. 240; Smith v. Com., 180 Ky. 240, 202 S. W. 635, L. R. A. 1918E, 927. In a prosecution for false swearing, the jury must not only find that the testimony was given, but must also find beyond reasonable doubt that it was corruptly false. Goslin v. Com., 121 Ky. 698, 90 S. W. 223, 28 Ky. Law Rep. 683. The rule is thus stated in 30 Cyc. 1404:

> "There is some difference of opinion as to whether perjury, or false swearing in the nature of perjury, can be committed by mere rash and reckless statements on oath according to one's belief. The better view seems to be that, since corrupt motive is an indispensable element of perjury, one who honestly testifies, however positively, only what he believes to be true, cannot be guilty of perjury, although he is mistaken."

This rule is almost in the language of our opinion in Scott v. Cook, 62 Ky. (1 Duv.) 314. To the same effect is Spencer v. Com., 15 Ky. Law Rep, 182, 22 S. W. 559. This means that to constitute the crime charged here, Botner must have known when he made this statement that it was false. The proof relative to the value and quantity of Botner's land consists of the testimony of a single witness, and such corroboration thereof as was

afforded by the copies of his assessment lists. These lists do not afford that strong corroboration of the single witness which the law requires. To convict the defendant for false swearing relative to the quantity and value of his land, it must be shown the acreage he owned was substantially less than he stated, the value thereof substantially less than the value he declared, and that he knew these things when he made the affidavit. On the retrial of this case, the instructions should be modified accordingly.

The judgment is reversed.