## Capps v. Commonwealth.

June 18, 1943.

744

W. R. Henry for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER—
Reversing.

The appellant having been convicted of the crime of false swearing and his punishment fixed by the judgment of the court at imprisonment in the penitentiary for one year, a new trial having been refused him, he has appealed, asking reversal of the judgment upon the following grounds: (1) Error in the court's instruction No. 3, by reason of its inadvertent omission therefrom of a phrase or certain words required to make its meaning clear so as to fairly present the question to the jury; (2) because the evidence heard upon the trial of the case did not establish the crime of false swearing against the defendant by two witnesses or one witness and strong corroborating circumstances; (3) the court's permitting incompetent evidence to be introduced against appellant; and (4) that no record evidence was introduced on the trial of the case showing that appellant had ever been indicted in the Whitley circuit court on the charge of selling liquor to Charlie Cox or tried on any such charge.

The facts are these: Appellant had been indicted and tried in the Whitley circuit court on the charge of illegally delivering and selling moonshine whiskey to Charlie Cox at his garage in Williamsburg, Ky. Upon his trial on that charge, the appellant, after being duly sworn

by the presiding judge, upon taking the stand on his own motion, testified in his own behalf, it is alleged in the indictment, that he had not carried and sold whiskey to the said Cox, nor placed a pint bottle of moonshine whiskey for him in the "middle drawer of the middle room" of his garage.

The jury, not believing, but refusing to accept as true, this testimony, found him guilty, whereupon immediately, a second indictment was returned by the grand jury of that court, based upon that alleged false testimony given by appellant upon his trial under the whiskey selling indictment, charging him with the offense of false swearing. This indictment was drawn under section 1174, Kentucky Statutes (KRS 432.170), which reads as follows:

"If any person, in any matter which is or may be judicially pending or which is being investigated by a grand jury, or on any subject in which he can legally be sworn or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath, shall willfully and knowingly swear, depose or give in evidence that which is false, he shall be confined in the penitentiary for not less than one nor more than five years."

In the case of Commonwealth v. Strunk, 260 Ky. 35, 83 S. W. (2d) 861, 862, it is said:

"To bring the alleged offense within the terms of the statute it must appear that the matter sworn to was (1) either judicially pending; or (2) was being investigated by a grand jury; or (3) was a subject on which the defendant could legally have been sworn; or (4) on which he was required to be sworn. Commonwealth v. Hinkle, 177 Ky. 22, 197 S. W. 455." See, also, Partin v. Commonwealth, 154 Ky. 701, 159 S. W. 542.

In the Hinkle case, supra, [177 Ky. 22, 197 S. W. 456], it is further said:

"The oath need not, as in perjury, be taken in a matter judicially pending, or in a matter material to any point in question; it is only necessary that the false statement should have been willfully made with a knowledge of its falsity, on a subject in reference to which the defendant might have been legally sworn,

and that the oath was administered by an officer authorized to administer it.''

The allegations of the indictment here before us are that appellant, when on trial under the prior whiskey selling indictment, did, after being first duly sworn by the judge of the Whitley circuit court, in a matter judicially pending, when testifying in his own behalf, falsely, willfully and knowingly swear and give in evidence that he did not take liquor to the home of Charlie Cox for the said Cox and that he did not put liquor in the "middle drawer of the middle room" of Charlie Cox' place of business in Williamsburg, Ky., knowing when he made said statements that they were willful, corrupt and false.

Clearly these allegations contained in the indictment were, under the rule stated, sufficient to bring the charged offense within the terms of the statute under which drawn.

The almost universal rule being, as was here properly instructed upon by the court, that in order to convict the defendant of the crime of false swearing, every material fact must be established beyond a reasonable doubt, by the testimony of two witnesses, or by one witness and strong corroborating circumstances, the commonwealth undertook upon appellant's trial on this false swearing charge to establish, in conformity with the essential requirement of the rule announced, the alleged known and corrupt falsity of the testimony given by appellant, when on trial on the whiskey selling charge by the testimony of its main or accusing witness, Glen Cox, and the supporting testimony of his mother, Mrs. Charlie Cox, for showing the "strong corroborating circumstances," required to establish appellant's guilt.

The testimony of Glen Cox, the commonwealth's main witness, was to the effect that just a couple of weeks before he had testified in the case of the commonwealth against Horace Capps upon the charge for which there indicted, of "selling whiskey" to his father in the garage, he had seen the appellant and his father go into the middle room of the latter's garage and that he followed them into the room; that he there saw Capps "open up the middle drawer in that room and put a pint bottle of white whiskey in it and shut it up;" that he then left them and went back to the front room and told his mother what he had seen or about Capps' putting the pint of "clear"

whiskey in the drawer for his father, and that she, upon receiving this information, went, alone, back to the middle room, where she there found the pint bottle of moonshine whiskey in the middle drawer as he had reported. That he himself also later went back to the middle room and saw the whiskey was still there in the middle drawer, where Capps had shortly before placed and left it for his father and that Capps knew that he had followed him and his father in there and had seen him put it there.

Also Mrs. Cox, when introduced by the commonwealth as its only corroborating witness, testified in corroboration of the evidence given by its direct witness, her son, Glen Cox, that Capps came, upon this occasion, to their garage about one o'clock, when she was sitting in its front room with her four children and husband; that Capps entered and sat down by the stove a few minutes and then got up and went back into the middle room of the garage, when he was followed there by both her husband, Charlie Cox, and her son, the direct witness, Glen Cox; that she did not at the time herself see any whiskey in the possession of appellant or see him put any whiskey in the "middle drawer of the middle room" for her husband, but that her son, who had followed Capps and his father into the middle room, had at once come and told her or that she, upon receiving this information as to Capps' having brought and left a pint bottle of white whiskey in the "middle drawer of the middle room" of the garage, at once had gone back into the middle room, where, upon an inspection made she had found the pint bottle of whiskey in the middle drawer, just where she had been informed Capps had put it. She further testified that after making such discovery of the whiskey and suspecting Capps of having left it there for her husband, she telephoned him at the pool-room to come and take back the whiskey and that he came. However, she did not state anything further than that he came, as to whether, when he came, he admitted bringing and leaving the whiskey there or that he took it back, or just what transpired or was said or done by him. Also she testified that while the appellant and her husband (who testified on his behalf) both stated that appellant had brought no whiskey to the garage on this occasion but that he came there for the different purpose of learning if he could then get his car repaired, although Capps "had no car there for repair."

Such being the conflicting testimony of the parties,

the question submitted thereon to the jury was whether the direct evidence given by Glen Cox, the commonwealth's only positive witness, was sufficiently corroborated by this supporting testimony of his mother, his only corroborating witness, to establish such "strong corroborating circumstances" to meet the requirements of the rule, as instructed by the court, that in order to convict the appellant, of the charged offense of false swearing, it was necessary that every material fact essential to establish appellant's guilt must be proved beyond a reasonable doubt by that minimum quantity of evidence, which the policy of the law requires to convict, viz. by the testimony of two witnesses or (as was here the case) of one witness and strong corroborating circumstances.

Appellant attacks as unsustained the jury's finding him guilty upon this evidence, contending that the testimony of Mrs. Cox, the corroborating witness, here failed to meet the standard required, of showing such strong corroborating circumstances, supporting the positive testimony of the one accusing or direct witness, Glen Cox, as made it sufficient, when so corroborated, to prove every material fact essential to establish appellant's guilt beyond a reasonable doubt.

After a careful consideration of the evidence, we are of the opinion that the testimony of the corroborating witness, Mrs. Cox, failed to measure up to the minimum requirement of the statute of establishing by "one witness and strong corroborating circumstances," beyond a reasonable doubt that the appellant's given testimony here involved was both given and corruptly false when given.

In the case of Walker v. Commonwealth, 162 Ky. 111, 172 S. W. 109, the trial court failed to instruct the jury, as required by the rule announced that before they could convict the defendant of the charge of false swearing, his guilt must be established beyond a reasonable doubt by the testimony of two witnesses, or of one witness and strong corroborating circumstances, and we there held that because of such omission the judgment must be reversed and further, in support of such holding, we therein cited the case of Goslin v. Commonwealth, 121 Ky. 698, 90 S. W. 223, 225, wherein the reason supporting this rule, was thus stated:

"This is an old rule of evidence, and therefore a rule

of law, applicable to the rights of persons as well as to the rights of property. It is not merely a technical rule, but one of substantial justice, and founded upon a safe and wise public policy. Not only would it be unsafe, as it is sometimes said of it, that one man's oath in such matter should outweigh another's, which is possibly not entirely satisfactory, in view of that fact that it may do so in respect to property, or even life, but it is a matter of first importance in the administration of justice that witnesses should feel themselves safe in testifying to their own conception, recollection, and honest belief as to the facts forming the subject of inquiry in the courts. If it were so that one man could be convicted of perjury or false swearing by the oath alone of another who testifies to the contrary, the timid and the humble and obscure would not feel safe, and would not be safe, in giving their testimony, where it might be opposed by that of one of influence and prominence. It is right that the jury, or other tribunal trying the fact, should have the privilege of weighing the evidence, or discrediting one witness entirely and believing another, according to the probability of the matter as it seems to them; but if the law allowed that one man's oath might convict another of perjury or false swearing, the effect would be to deter the timid and obscure person, and to that extent retard the administration of pure justice. It would deprive the court or jury in many instances of a full hearing from all who might have knowledge as witnesses of the facts being tried. * * * This wise old rule of the common law is one which this court has always recognized and enforced. It applies alike to prosecutions for false swearing and perjury; for those offenses are alike, and the principles and policy of the law applicable to one, save wherein modified by statute, apply to the other. Commonwealth v. Davis, 92 Ky. 460, 18 S. W. 10.''

See also, to like effect, Stamper v. Commonwealth, 100 S. W. 286, 30 Ky. Law Rep. 992; Hansford v. Commonwealth, 170 Ky. 700, 186 S. W. 498; 41 Am. Jur., section 67, page 37.

In the above text it is said:

''Although it seems once to have been the rule that to support a conviction for perjury the evidence

of two witnesses was required to establish the falsity of the oath on which the indictment was based, it is now well settled that such a conviction may be had on the evidence of one witness supported by proof of corroborating circumstances, or by the testimony of two witnesses, or, where it is so provided by statute, by the accused's own confession in open court.

"The requirement of corroborative evidence to substantiate a witness' testimony to the falsity of another's oath is consistent with the law's presumption of the innocence of an accused until guilt is proved. It is frequently said that the contradictory evidence of one witness alone is never sufficient, since it merely establishes an equilibrium, and that, therefore, additional weight is necessary to turn the proof against the defendant. The corroboration of a single witness for the prosecution must be of a strong character and not merely corroborative in slight particulars, and it must contradict in positive terms the statement of the accused. The corroborating circumstances must tend to connect the defendant with the commission of the offense; otherwise, the perjury is not proved. The courts have variously held that the corroborative circumstances must be (1) sufficiently strong to be tantamount to the testimony of another witness; (2) sufficient to connect the accused with the perpetration of the offense and lead to the inference of his guilt, and more than sufficient to raise a suspicion against him, although not in and of itself so strong as to support a verdict of guilty; (3) strongly corroborative of the testimony of the accusing witness; (4) of such conclusive character as to exclude, when taken as a whole, every other hypothesis except that of the defendant's guilt; and (5) sufficiently strong to satisfy the jury beyond a reasonable doubt of the guilt of the accused." See, also, Annotation, 111 A. L. R. 828.

Clearly the "corroborative circumstances," as reflected by the testimony of the sole corroborating witness, wherein she neither contradicted, in positive terms, the accused, nor was it of such conclusive, or strongly corroborative character, as was sufficient to exclude every other hypothesis, except that of the defendant's guilt, when tested by the criteria announced by this court in the cases cited, sufficient to satisfy the jury be-

yond a reasonable doubt of the guilt of the accused having been proved, where it failed to show anything more than that Mrs. Cox had found whiskey in the drawer of the room where she was told it had been left but had not seen appellant put any whiskey in the drawer nor had seen appellant anywhere give her husband whiskey or bring any whiskey to the garage. Neither were the further facts herein above referred to as testified by her of such substance or probative character as furnished corroborating circumstances sufficiently strong in their probative substance to authorize the jury to find the appellant was thereby proven guilty beyond a reasonable doubt.

Having upon such ground reached the conclusion that the judgment finding the defendant guilty of false swearing must be reversed, we deem it unnecessary to consider and decide the questions raised by the further grounds urged for reversal and same are expressly reserved without expression of opinion.