## Jewell et. al. v. Commonwealth.

Feb. 25, 1944.

C. E. Tyree and E. B. Rose for appellants.

Hubert Meredith, Attorney General, and Blanche Mackey, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY, COMMISSIONER—Reversing.

The appellants, Boone Jewell and Matt Jones, were jointly indicted by the grand jury of Lee county for the offense of false swearing, denounced by section 1174, Kentucky Statutes (KRS 432.170).

Upon their joint trial on this charge, appellants having entered pleas of not guilty and filed demurrers to the indictment, which were overruled, they were found guilty by the verdict of the jury, upon which judgment was accordingly pronounced, fixing their punishment at imprisonment for one year each.

A new trial having been refused them, they have appealed from the judgment entered on that verdict upon the ground that the lower court erred in overruling their motion for a peremptory instruction, made at the conclusion of the introduction of the commonwealth's evidence and renewed at the conclusion of all the evidence, and upon the further ground that the charge of false swearing was not proved, as required, by the evidence of two witnesses or one witness and strongly corroborating evidence.

The commonwealth claims that the appellants, when called as witnesses before the grand jury, serving at the May, 1943 term of the Lee circuit court, to testify in respect to the illegal sale of liquor then going on in Lee county, a matter the jury was investigating, did, in answer to certain questions asked them as to whether or not they were drunk or intoxicated at the time and upon the occasion occurring some two or three weeks prior thereto, when they were arrested and incarcerated by Virgil Smith, the marshal of Beattyville, on the charge of drunkenness, knowingly and corruptly give false and untrue answers, to the effect that they were not drunk nor been drinking at such time and place.

Upon the appellants' joint trial on this indictment, Virgil Smith, chief of police of the town of Beattyville, when called as a witness for the commonwealth, testified that he was called before the grand jury as a witness before its indictment of the appellants, when he testified that along about midnight, some two or three weeks before, he had been called by some one from the Blue & White restaurant in the upper end of town, who stated that there was trouble going on up there and for him to come there; that in response to the call, he at once went up there and found the appellants engaged in a quarrel and that they both were drunk, when on such charge he at once arrested them and lodged them in jail. However, he further stated that the appellant Jewell, at the time of his arrest, protested that he was not drunk and that he had called him (Smith) because he and appellant Jones were in a quarrel and he was scared.

Also Zack Wilson, a member of the grand jury who returned the joint indictment against appellants and the first witness introduced upon the trial in behalf of the

commonwealth, was asked the following question on direct examination:

"Q. Tell the jury here whether or not there before the grand jury at the time you have told about, he (Boone Jewell) told the grand jury that he had not drank any at that time? A. I think so."

On cross-examination he testified as follows:

"Q. You don't recall whether or not that direct question was asked him as to his being drunk *that* day, you are not certain of the day he said? A. No, I am not.

"Q. Then all that was asked Boone Jewell there was whether or not he was drunk that day? A. Yes.

"Q. You didn't ask Boone Jewell whether Matt Jones was drunk at the time? A. No. You see *they was just one of them in at a* time, before the grand jury.

"Q. I believe one of them was in before the grand jury in the morning and the other in the afternoon, is that correct? A. I don't remember. I don't remember now whether they were in the same day or not. * * *

"Q. When Matt Jones was there before you, I will ask you to tell the jury whether or not an argument arose there in the grand jury room as to whether or not his oath was any good or not? A. Yes, sir. He first refused to swear and never put up his hand, because he said his oath was no good (for the reason he was a convict then on parole).

"Q. Then, as I understand you, Matt Jones never was sworn, is that right? A. No sir, but we asked him some questions just the same.

"Q. There was some dispute there in the grand jury room as to whether his oath would be any good or. not, you say. A. Yes, sir.

"Q. After that, was Matt Jones asked whether Boone Jewell was drunk on that occasion? A. I don't remember that." (Parenthesis and italics ours.)

Also the witness Wilson was further asked:

"Q. Tell this jury, Mr. Wilson, whether or not the defendant, Matt Jones, was asked while testifying before the grand jury and after he had been sworn by the foreman, Mr. Lutes, * * * about an occasion on or about May 9th, when Virgil Smith, the chief of police

here in Beattyville arrested him—was he asked about that there before the grand jury? A. Yes, he was.

"Q. Tell the jury now what he said on that occasion? A. Well he denied having anything to drink whatever.

"Q. Did he say he was not drunk or intoxicated when Virgil Smith arrested him on that occasion? A. Yes, he did."

It will be observed from the uncertain character of the testimony given by these two witnesses that the commonwealth undertook to establish the false swearing charge against the appellants by the testimony of only the one witness and member of the grand jury, Zack Wilson, which, giving his testimony all the effect the commonwealth could possibly claim, was very vague and uncertain, and we find it is only by his testimony that the commonwealth in any way established its claim as to the falsity of the appellants' testimony given before the grand jury. Also no evidence was introduced to corroborate that of Wilson, in that each appellant, when testifying, was only asked whether or not he alone was drunk upon the occasion when they were arrested and jailed by Virgil Smith on the charge of drunkenness, neither being asked, by way of corroboration, as to whether the other of the appellants was drunk at that time.

Such being the character of the commonwealth's evidence, it is clear that it fails to adequately meet the burden of proof imposed on it under the well-settled and repeatedly announced rule of this court and generally, that in order to convict one of false swearing or perjury, it is necessary that every essential fact to establish guilt be proved beyond a reasonable doubt by the testimony of at least two witnesses or one witness and strongly corroborating circumstances. Goslin v. Commonwealth, 121 Ky. 698, 90 S. W. 223; Walker v. Commonwealth, 162 Ky. 111, 172 S. W. 109; Botner v. Commonwealth, 219 Ky. 272, 292 S. W. 805; Williams v. Commonwealth, 287 Ky. 570, 154 S. W. (2d) 563, 136 A. L. R. 1398; Thompson v. Commonwealth, 239 Ky. 627, 40 S. W. (2d) 287; Capps v. Commonwealth, 294 Ky. 743, 172 S. W. (2d) 610. The requirement of corroborative evidence to substantiate a witness' testimony to the falsity of another's oath is consistent with the

law's presumption of the innocence of the accused until guilt is proved. 41 Am. Jur., section 67, page 37.

In view of our conclusion reached, that by reason of such being the inadequate and insufficient character of the commonwealth's proof it failed to comply with the requirements of the here applicable rule of evidence stated, we are of the opinion that the trial court committed prejudicial error in overruling appellants' motion for a peremptory instruction.

Further too we may here say, as was by us said in Walker v. Commonwealth, supra (162 Ky. 111, 172 S. W. 110), that: "While the appellants make no complaint of their being jointly indicted for the crime charged, we think the joinder was unauthorized. The offense charged is not an offense in which two or more persons may participate, and for which they may be jointly indicted or tried, as in murder or other crimes, in the commission of which there may be accomplices or accessories. False swearing or perjury is an offense which can only be committed by an individual in his individual capacity."

To like effect see Wharton's Criminal Law, 12 Ed., section 1519, page 1790, wherein, dealing with the subject of perjury or false swearing, it is said: "The crime being distinct, several persons cannot be joined. One only can be made defendant. Even supposing two persons to swear jointly to the same false affidavit, it is impossible to suppose that they did so at the same moment of time, so as to make the offense exactly joint." Rex v. Philips, 2 Strange (Eng.) 921. See also Roberson's Criminal Law, section 349 and Gregory's Kentucky Criminal Law, section 208, page 207.

The evidence in the instant case, as to the defendants having jointly committed this charged offense, was that one of the appellants came before the grand jury in the morning and testified to facts that were false and that the other appellant either came later in the day or on the next day, or, that is, that they testified not jointly, at the same time, but at such different times before the grand jury that their testifying could not have constituted nor have been their joint act, as charged in the indictment.

If correct in this our conclusion, that such is the nature of the offense here charged as jointly committed

by appellants, it follows that the court erred in overruling the appellants' demurrer to the joint indictment, for the reason that the offense being thus distinct, several persons cannot be joined, and therefore, for such error we conceive the judgment also should be reversed. Upon the return of the case to the court below, the present indictment should be dismissed and the case remanded to the grand jury, that appellants may be separately indicted for the offense charged.

Judgment is reversed and cause remanded for a new trial and further proceedings consistent with this opinion.