## Self v. Commonwealth.

March 12, 1946.

Roy G. Garrison and John D. Driskill for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellant was convicted of the crime of false swearing, and sentenced to serve two years in the State reformatory. He urges but one ground for reversal of the judgment, viz., the Court erred in overruling his motion for a directed verdict of acquittal. In support of this contention, he argues that his guilt was testified to by only one witness, and this evidence was not substantiated by strong corroborating circumstances.

The alleged false swearing consisted of a statement made under oath, before the Police Judge of Paducah, for the purpose of obtaining a warrant for appellant's wife's arrest upon a charge of disorderly conduct. His statement was that his wife was in bed with two negroes. The warrant was issued in pursuance of the sworn statement, and was served by two police officers. When the officers arrived at appellant's house, his wife was in bed in the front room, and a negro, Robert Diggs, was in the kitchen in the rear of the house. The negro's hat and overcoat were in the front room at the foot of the bed. Appellant's wife and Diggs were arrested and conducted to the police station, where they convinced the officers that they were not guilty of the offense charged against them, but that appellant had caused the negro to come to his home for the purpose of lending color to the charge against his wife. The officers released Mrs. Self and Diggs; whereupon, the latter swore to the warrant which commenced this prosecution. Appellant thereupon was arrested and questioned by the Police Judge concerning the truth of his sworn statement. Finally, the Judge said to appellant, "You thought you were putting something over on them (meaning Mrs. Self and Diggs) didn't you?" Appellant hung his head and answered, "I reckon so." On the following morning, appellant waived examination in his own case and withdrew the charge against his wife.

In a prosecution for false swearing, it is necessary that every fact essential to establish guilt be proved beyond a reasonable doubt by the testimony of at least two witnesses, or one witness and strong corroborating circumstances. Botner v. Commonwealth, 219 Ky. 272, 292 S. W. 805, and cases therein cited. Appellant did not sign an affidavit in support of the warrant for his wife's arrest, but the Police Judge testified that he made the statement under oath for the purpose of obtaining the warrant, and that appellant told him at the time that he was procuring the warrant to obtain evidence against his wife to be used in an action for divorce, thus establishing the motive for the crime. The Police Judge was corroborated by the Chief of Police, who was present when appellant swore to the warrant. Thus, two witnesses established the first element of the crime, viz., that the sworn statement was on a subject on which appellant could legally be sworn, and was made before a

person authorized by law to administer an oath. KRS 432.170. Proof that appellant himself admitted he was trying to "put something over" on his wife and the negro, coupled with the fact that he dismissed the warrant against his wife on the following morning, was sufficient corroboration of the negro's testimony to meet the requirement of the rule of evidence above set out.

It is unnecessary to detail the evidence given by Diggs on the trial of the case, because no question is made of its sufficiency to establish the falsity of the sworn statement, if, as we have decided, this testimony is strongly corroborated by other circumstances.

The judgment is affirmed.