## Bussell v. Commonwealth.

December 12, 1950.

R. C. Tartar, Judge.

James W. Lambert for appellant.

A. E. Funk, Attorney General, Wm. F. Simpson, Assistant Attorney General, for appellee.

VAN SANT, COMMISSIONER—Reversing.

The appeal is from a judgment convicting appellant of false swearing and imposing a sentence of confinement in the State Reformatory for a period of two years. It is charged in the indictment that during a grand jury investigation in Rockcastle County in the month of April, 1948, appellant was called as a witness and falsely swore that he "was not at the home of James Barnes on the Saturday night before Fount Phelps was killed on the following day (Sunday)." The principal ground for reversal, and the only one it is necessary for us to consider, is that the Commonwealth failed to produce two witnesses or one witness and strong corroborating circumstances in proof of the charge. It is conceded that appellant was at the home of James Barnes at the time mentioned in the indictment. The only issue is whether, when he was testifying before the grand jury, he made the unqualified statement that he was not there.

Every essential fact to establish the guilt of one charged with false swearing must be proved beyond reasonable doubt by the testimony of at least two witnesses or one witness and strongly corroborating circumstances. Jewell et al. v. Commonwealth, 296 Ky. 718, 178 S.W.2d 415, 416, and cases therein cited. Two

grand jurors were called to prove the false statement. One of them testified that the statement as charged in the indictment, without qualification, was sworn to by appellant while he was a witness before the grand jury. Defendant testified that on the night before Fount Phelps was killed he (appellant) was so intoxicated that he did not remember anything that happened and that his statement to the Grand Jury was that he was not at the home of James Barnes on the night in question or if he was he did not remember it. The second and only other witness on this point for the Commonwealth, on direct examination, testified that appellant made the statement that he was not there, but on cross-examination admitted that appellant qualified that statement with the further statement that if he was there he did not remember it. The fact that appellant was drunk was established by many witnesses. Only one witness testified that appellant made the unqualified statement charged in the indictment; the other witness corroborated appellant's testimony and confirmed his contention. That being true, the Commonwealth failed to produce sufficient evidence of guilt under the rule of evidence hereinbefore referred to.

The judgment is reversed with directions that appellant be granted a new trial to be conducted in conformity with this opinion.