### EDISON v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 1, 1953.

Martin & Gillespie, Franklin, for appellant.

J. D. Buckman, Jr., Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

Appellant was indicted for false swearing, and upon conviction was sentenced to one year in the penitentiary. On this appeal he contends that: (1) the testimony of a witness was incompetent; and (2) he should have had a directed verdict of acquittal.

In the execution of a bail bond, appellant had signed an affidavit to the effect that he was the owner of real estate of the value of $11,000. He had listed a 12 acre farm and a house and lot in Franklin. There were only two witnesses for the Commonwealth. The first was the circuit court clerk who had taken the bond. He did not testify concerning the value of appellant's property. The other witness was the county tax commissioner. His records disclosed that appellant's house and lot had been assessed at $1,616. From personal knowledge of this property, he testified that it had a fair marketable value of $2,250. With respect to the farm, he stated that in his opinion it had a fair marketable value of $425. It is not clear from his testimony how well acquainted he was with the farm property. He said he had not personally examined it, but had come by it on several occasions. He stated the assessment showed that there were no improvements on the property.

Appellant argues that in effect the county tax commissioner was simply testifying as to the assessed valuation of the real estate, and because he had not examined either the town house or the farm property he was not a competent witness with respect to valuation. It appears, however, that the tax commissioner was qualified as an expert on real estate values and that he did have some familiarity with both pieces of property in which appellant had an interest. However, his evidence was not of the strongest character.

The rule in Kentucky is that to convict of false swearing there must be the testimony of at least two witnesses or one witness and strong corroborating circumstances. Capps v. Commonwealth, 294 Ky. 743, 172 S.W.2d 610. It was held in Botner v. Commonwealth, 219 Ky. 272, 292 S.W. 805, that in proving the value of real estate the testimony of one witness corroborated by the assessment lists is not sufficient. The Commonwealth argues that the corroborating evidence consisted of an admission by appellant that he was not the fee simple owner of the farm; that he swore falsely when he stated there were no other mortgage or other liens on the property; and that he had falsely stated to the tax-as-

sessor that there were no improvements on the farm.

■ Appellant and other witnesses testified the property did have a value of $11,-000. It thus appears that the principal question involved was based upon the opinions of persons with respect to the value of the property. It may be that appellant exaggerated its value and that he was careless in making statements with respect to the nature of his ownership and the other matters relied on by the Commonwealth. However, we do not think the evidence for the Commonwealth was sufficient to prove that appellant knowingly and willfully swore falsely in the affidavit, and a verdict of acquittal should have been directed.

The judgment is reversed, with directions to grant appellant a new trial.