Richard WALDEN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 12, 1972.

Joseph S. Freeland, Paducah, for appellant.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Special Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Chief Justice.

Appellant Richard Walden appeals from a judgment proclaiming him guilty of false swearing, a crime denounced by KRS 432.170, and sentencing him to two years in the penitentiary. We reverse.

The evidence showed that on Sunday, July 25, 1971, three Paducah police officers

saw Walden and another man emerge from the residence of Eva Wimberly carrying a box containing 24 bottles of Old Forester whiskey. The officers arrested Miss Wimberly, charging her with an illegal sale. In Police Court Walden testified for the defense, stating that he had purchased the whiskey the previous day from Paul Roof, a licensed dealer. It was for this allegedly false testimony that Walden was indicted.

On Walden's trial police judge Burkhart testified as to Walden's statements made under oath in Police Court and a police officer gave testimony that he and other officers had gone to the Wimberly residence "for the purpose of investigating or making an arrest for the sale of alcoholic beverages without a license on Sunday." The box of whiskey was received in evidence over the objection of appellant. Roof then identified the whiskey by the brand and the delivery number on the box and he testified that he had not sold the liquor to Walden but had sold it to Leonard Simon. Simon admitted that on occasions he had purchased half cases of Old Forester whiskey from Roof but could not recall having made this specific purchase. This concluded the Commonwealth's proof, whereupon Walden moved for a directed verdict of acquittal upon the ground that the alleged falsity of his testimony in Police Court had not been sufficiently established since only one witness, Roof, had testified to it and no corroborating circumstances had been proved. This motion was overruled and the case was submitted to the jury, which returned a verdict finding appellant guilty.

Citing Bussell v. Commonwealth, 314 Ky. 278, 234 S.W.2d 955 (1950), and Capps v. Commonwealth, 294 Ky. 743, 172 S.W.2d 610 (1943), Walden points out that in order to convict him of false swearing it was essential that the falsity of his statement be proved by the testimony of two witnesses or by that of one witness supported by strong corroborative circumstances. He asserts that the only testimony indicating that he had made a false statement was that of Roof and that this testimony was

unsupported. The Commonwealth responds that "The giving of false testimony, as distinguished from the fact of the falsity of the giver, can be proven by one witness. Wigmore Evidence Vol. VII, Sec. 2042 (1940); Roberson's New Kentucky Criminal Law and Procedure, Sec. 727 (1927). Kenneth Burkhart testified appellant swore under oath that he purchased the liquor from Paul Roof. This was sufficient to establish the giving of the false testimony." The Commonwealth also notes that the evidence showed Walden was coming out of a house occupied by Eva Wimberly, "an alleged bootlegger", to whose residence the police were going to investigate the illegal sale of alcoholic beverages on Sunday. It claims that the foregoing, together with the box of whiskey which was introduced in evidence and identified by the police officer and the dealer, made out a prima facie case against Walden. They equate this situation to one in which an accused is found in possession of stolen merchandise. Cf. Conover v. Commonwealth, Ky., 473 S.W.2d 825 (1971).

There was no proof that Eva Wimberly was a "bootlegger" or even that she had such reputation. The only indication that she dealt in alcoholic beverages was the testimony of Officer Gass that he was given a warrant to serve and that he proceeded to the Wimberly residence to serve the warrant. He then met Walden and his companion emerging from the Wimberly house in possession of the whiskey. Gass also stated he searched the Wimberly house but he was not asked and did not tell what he found, if anything. There was no showing that the 7th Street house in which Eva Wimberly lived was not also the residence of Walden.

It is our opinion that the circumstances proved do not tend to show that Walden did not buy the whiskey from Roof on the previous day. They are not the strong corroborating circumstances envisioned by such cases as Capps v. Commonwealth, 294 Ky. 743, 172 S.W.2d 610 (1943). Here we have only Roof's testimony not support-

ed by the necessary corroborating testimony or strong corroborating circumstances. The motion for a directed verdict should have been sustained.

The judgment is reversed.

All concur.