## Commonwealth v. Ransdall.

(Decided April 23, 1913.)

### Appeal from Grant Circuit Court.

1. False Swearing—Swearing Falsely Before Fire Marshal—Indictment For.—Under an act defining the duties of a fire marshal, a person who wilfully and knowingly swears falsely before a fire marshal may be indicted either for false swearing or perjury at the election of the Commonwealth.

2. Fire Marshal—Jurisdiction of—Oath to and Attendance of Witnesses.—The fire marshal's jurisdiction is co-extensive with the State, and he may swear a witness anywhere within the State; but he can compel the attendance of witnesses before him from other parts of the State only in the county where the fire occurred.

3. False Swearing—What Indictment For Must Show.—An indictment for false swearing must show that the officer administering the oath had authority to do so, and an indictment which fails to show that the fire occurred in this State is insufficient as the fire marshal has only power to swear witnesses as to fires occurring in the State.

4. False Swearing—Sufficiency of Indictment For.—An indictment which shows the truth of the matter alleged to have been sworn falsely, sufficiently to apprise a person of ordinary understanding of the charge against him, is sufficient.

C. C. ADAMS, JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General, for appellant.

CLURE, DICKERSON & CLAYTON, J. J. BLACKBURN, for appellee.

Opinion of the Court by Chief Justice Hobson— Affirming.

By the second section of the act of March 11, 1912, providing for the investigation of fires in this State, among other things it is made the duty of the insurance commissioner, the fire marshal and his assistants, to investigate the cause, origin and circumstances "of all fires occurring within the State to which his attention is called." The third section contains this provision:

"The Insurance Commissioner, the Fire Marshal and his assistants, appointed to conduct such examination, shall have the powers of an examining court for the purpose of summoning and compelling the attendance of witnesses to testify in relation to any matter which is by the provision of this act a subject of inquiry and inves-

tigation. Said Insurance Commissioner, the Fire Marshal and his assistants may also administer oaths or affirmations to persons appearing as witnesses before him, and false swearing in any matter or proceeding aforesaid shall be deemed perjury and shall be punished as such.''

Floyd Ransdall was indicted in the Grant Circuit Court for false swearing, the indictment being in these words:

"The grand jury of Grant County, in the name and by the authority of the Commonwealth of Kentucky, accuse Floyd Ransdall of the crime of false swearing, committed as follows, to-wit: The said Floyd Ransdall, in the county and circuit aforesaid, did, on the......day of ......, 1912, and before the finding of this indictment, unlawfully and feloniously, and wilfully and knowingly, swear and depose and give in evidence that which was untrue and false in his the said Ransdall's examination by John G. Evans, assistant Fire Marshal, acting under C. C. Bosworth, State Fire Marshal of Kentucky, and as such was duly authorized to swear witnesses for the purpose of examination and to answer questions, that the said Evans, at the time was engaged in the investigation of a certain fire in which the barn of the said Ransdall and contents thereof was burned. That the said Ransdall was duly sworn by the said Evans to answer questions pertaining to the origin of said fire, and the amount of and the kinds of property in said barn at said time, and which was destroyed by the said fire and as to what property (tobacco) had been removed and shipped out of said barn that was burned. That the said Evans inquired of said Ransdall as follows: 'Where did you ship the tobacco?' (Ans.) 'Globe Warehouse Company, Cincinnati, Ohio.' (Q.) 'Was all of your tobacco shipped to the Globe Warehouse, Cincinnati, Ohio, you say?' (Ans.) 'Yes, sir, all of it.' (Q.) 'Then that means that you never shipped any to Louisville or Lexington?' (Ans.) 'No, sir, I never shipped any to Louisville or Lexington.' (Q.) 'Now I understand you that the tobacco we are talking about means what has been hauled and shipped out of your barn this year; that is, since Jan. 1, 1912?' (Ans.) 'Yes, sir that is right.'

"That said statements were false and were at the time known by the said Ransdall to be false; that in truth and in fact the said Ransdall did not ship all of his tobacco to Cincinnati, Ohio, to the Globe Warehouse Com-

pany, and that the said Ransdall together with others did ship a part of said tobacco to Louisville, Kentucky, and to Lexington, Kentucky, and that the said Ransdall has had hauled out of the said barn tobacco that has been shipped since Jan. 1, 1912, to points and people other than the Globe Warehouse, at Cincinnati, Ohio, to-wit: Louisville and Lexington, Kentucky, all of said statements being false and at the time was known by the said Ransdall to be false and corrupt and were wilfully made. Contrary to the statutes and against the peace and dignity of the Commonwealth of Kentucky.''

The defendant appeared and demurred to the indictment. His demurrer was sustained and the indictment quashed. The Commonwealth appeals.

It will be observed that by the act false swearing in an inquiry required by the act "shall be deemed perjury and shall be punished as such.'' It is insisted that under the act Ransdall can only be indicted for perjury and that an indictment for false swearing does not lie. The crime of perjury is punished under section 1173 Ky. St., the statute not defining the offense, but simply punishing the common law offense of perjury, which is the wilful giving under oath in a judicial proceeding or in the course of justice, of false testimony material to the issue. Although the testimony was false and known to be so, there can be no conviction for perjury unless the evidence was material and given in a judicial proceeding or in the course of justice. The Legislature to remedy this created the offense of false swearing which is punished under section 1174 Ky. St. This offense is committed if one shall wilfully and knowingly swear falsely on any subject in which he can be legally sworn or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath. It may be committed in a judicial proceeding and the materiality of the evidence is not essential to a conviction. When a false oath is made in a judicial proceeding, the Commonwealth may at its election indict for either perjury under section 1173 or for false swearing under section 1174. (Com. v. Powell, 2 Met., 10; Com. v. Maynard, 91 Ky., 131). It was not the purpose of the act of 1912, in providing that false swearing in any investigation under it, shall be deemed perjury, and shall be punished as such, to repeal section 1174 Ky. St.

The meaning of the provision is that the Commonwealth may at its election prosecute the defendant for

perjury. If the defendant is guilty under the statute punishing false swearing, he may be punished under that statute, which applies in all cases to false testimony wilfully and knowingly given. We, therefore, conclude that the indictment is not bad because it charges the defendant with false swearing, and not with the crime of perjury.

It is also insisted that the indictment does not negative by special averment the matter alleged to have been sworn to by the defendant, or sufficiently state what the truth was; but we are unable to see that the indictment does not sufficiently apprise the defendant of the nature of the accusation against him. An indictment need only be sufficient to apprise a person of ordinary understanding of the nature of the charge against him. The charge in this indictment is in substance that the accused swore falsely that he had not shipped his tobacco out of the barn to Louisville or Lexington, and that all that he had shipped had been shipped to the Globe Warehouse Co., Cincinnati, Ohio.. It is distinctly averred that he did ship a part of the tobacco to Louisville and Lexington, Kentucky, and that he hauled the tobacco out of the barn which he swore he had not hauled out of it.

The indictment sufficiently shows that the false swearing was done in Grant County, and it is not material whether the barn that was burned was in Grant County or not. The jurisdiction of the Insurance Commissioner and the Fire Marshall is co-extensive with the State, and they may conduct an examination of a witness in any county where they can get the witness before them. If a fire occurred in Grant County and a witness lived in Paducah, we see no reason why the Fire Marshal might not examine the witness in Jefferson County if he could get him before him there. The Fire Marshal has the powers of an examining court for the purpose of summoning and compelling the attendance of witnesses before him, and this power of bringing witnesses from other parts of the State, he may only exercise in an investigation made in the county where the fire occurred. But he is authorized to ferret out the cause of all fires within the State; to this end his jurisdiction is co-extensive with the State, and in making his investigations he has power to swear witnesses where he may find them in the State.

But the indictment is defective in that it does not show that the barn which was burned was within the State. Under the statute, the Fire Marshal and his assistants have authority only to examine into "fires occurring

within the State.'' If he made an examination which he was not authorized to make, then the defendant was not legally sworn within the meaning of section 1174 Ky. St., and he did not testify on a subject on which he is required by law to be sworn. It has been often held that an indictment for false swearing must show the jurisdiction of the officer administering the oath, and that the indictment is bad unless this appears. (Woolsey v. Com., 4 R., 353; Kerfoot v. Com., 89 Ky., 174; Com. v. Taylor, 96 Ky., 394). The circuit court properly sustained the demurrer to the indictment. The dismissal of this indictment will not bar a prosecution of the defendant under a new and sufficient indictment.

Judgment affirmed.