## Day v. Commonwealth.

(Decided October 3, 1922.)

## Appeal from Harlan Circuit Court.

1.  Indictment and Information—Duplicity—False Swearing.—An indictment for false swearing which charges defendant with the crime of false swearing committed at the same time in four or five different ways specified in the indictment, is not bad for duplicity; for a conviction on a trial under the indictment for false swearing in any one of the particulars designated would be a bar to another indictment charging him with the same offense in any other of the particulars therein specified.

2.  Perjury—False Swearing—How Charge Supported.—It is the rule of evidence in such cases that the charge must be supported by the evidence of two witnesses, or the evidence of one witness supported by strong corroborative evidence. Such support may be furnished by record, by writing, or by facts and circumstances testified to by one other than the accusing witness, tending strongly to corroborate his statement.

3.  Perjury—False Swearing—Corroboration.—The defendant was charged with testifying falsely that he had not said to certain persons he was the owner of a certain still; evidence that he had made such a statement at a certain time and place to one of the witnesses is sufficiently corroborated by the evidence of two other witnesses that on the same night, and near the same place, he had made to them similar statements.

4.  Indictment and Information—Election.—As only one offense was charged in the indictment, the court properly overruled the motion to require the Commonwealth to elect.

5.  Perjury—False Swearing—Evidence.—Under an indictment for false swearing a plea of "not guilty" puts in issue every material fact charged in the indictment, and it then becomes the duty of the Commonwealth to prove beyond a reasonable doubt and in the manner required by law, every material thing necessary to constitute defendant's guilt.

6.  Perjury—Parol Evidence.—If there is a record in existence of the trial or proceeding in which the false testimony is alleged to have been given, it must be produced on the trial, and parol evidence of the pendency of such a proceeding is incompetent in the absence of the loss of such record.

LYTTLE & MORGAN for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellant was indicted in the Harlan circuit court charged under section 1174 of the Kentucky Statutes

with the crime of false swearing, and upon his trial was found guilty, and the court having refused him a new trial, he has appealed.

Four reasons are relied upon as cause for reversal: (1) Because the court erred in not sustaining a demurrer to the indictment; (2) because the court erred in overruling defendant's motion to require the Commonwealth to elect which of the charges it would prosecute; (3) because of the admission of incompetent evidence prejudicial to the defendant; (4) because of the refusal of the court to sustain defendant's motion for a directed verdict of not guilty.

The indictment charges that while appellant was on trial in the Harlan circuit court under an indictment pending therein charging him with the offense of manufacturing spirituous, intoxicating, vinous and malt liquors in violation of law, and that while he was a witness in his own behalf on that trial and after he was sworn,

"He did then and there, after being so sworn, feloniously, falsely and corruptly and knowingly state, depose, testify and give in evidence that which was false and untrue, and known by him, at the time he did so, to be false, corrupt and untrue. in that he then and there after taking his oath as aforesaid, stated and gave in evidence that he did not own either one of the stills at which he was found in a coal mine by Rube Clark, John D. Creech and Jeff Turner; that he was not making any whiskey on said stills or working thereat, had no interest in said stills, nor lease upon it; that he went to, and into said coal mine where said stills were for the purpose of getting a load of coal, and that he did not say to Rube Clark, John D. Creech and Jeff Turner, or either of them, that one of said stills was his, and that he did not say to Tom Holmes, the justice of the peace for Harlan county, that he did not have a lease on one of said stills, and that he had loaned it to Bill Drummond and Ulys Maples to make that run of whiskey upon, all of his aforesaid testimony and statements and evidence were then and there false and untrue, and known by him, at the time he gave and made same, to be false and untrue, because he did own one of the stills, did have an interest in same, was at the time aforesaid, making and manufacturing whiskey upon same, he did not, at said time, go into said coal mine to said still to get a load of coal, and he did say to the said Rube Clark, John D. Creech and Jeff Turner, that he owned one of said stills and that one of same was his, and

he did say to the said Tom Holmes, justice of the peace for Harlan county, that he had a lease on one of said stills, and had loaned it to Bill Drummond and Ulys Maples, for the purpose of making a run of whiskey on, against the peace and dignity of the Commonwealth of Kentucky.''

It is clear that the indictment was not bad for duplicity; it charges the defendant only with the crime of false swearing; but it charges that he at the same time and on the same trial committed that crime in four or five different ways specified in the indictment, and it is plain that a conviction on a trial under that indictment of false swearing in any one of the particulars designated and set forth in the indictment, would be a bar to another indictment charging him with the same offense in any other of the particulars therein specified.

The indictment was direct and certain as to the party charged, the offense charged, the county in which it was committed and the particular circumstances of the offense charged and was therefore sufficient under the provisions of section 124 of the Criminal Code.

Under this indictment the defendant might have been properly convicted of the offense charged in any one of the particulars set forth in the indictment upon proper evidence. He knew from the averments of the indictment exactly the charges which he was called upon to answer and he knew when he went to trial that he must be prepared to meet each and every one of those charges, for if he was guilty of any one of them he was guilty of the offense charged.

The evidence on the trial was chiefly directed by the Commonwealth at the proving of the charge in the indictment that he had falsely sworn that he did not say to Clark, Creech and Turner, or either of them, that one of the stills found in a coal mine was his. The evidence on this issue was by Clark that defendant did say to him while they were inside the mine that one of the stills was his, and the evidence of the justice of the peace before whom he was shortly thereafter taken that one of the stills was his, but at a different time and place from where he had made the statement to Clark. The evidence of Turner is that defendant said he did not own the beer found in the stills, but he did say he was afraid they were scorching his still up, or something like that, although that statement was not made in the presence of Clark or Holmes, but was made the same night he was arrested.

The argument here is, in its final analysis, that as only one witness heard him make this statement at the same time and place there was no such corroboration as is contemplated by the rule of evidence in such cases.

It has long been the rule of evidence in charges of perjury and false swearing that the charge must be supported by the evidence of two witnesses, or the evidence of one witness supported by strong corroborative evidence. Such support may be furnished by record, by writing, or by facts and circumstances testified to by one other than the accusing witness tending strongly to corroborate his statement. Commonwealth v. Davis, 92 Ky. 460; Goins v. Commonwealth, 167 Ky. 603.

Here we have the defendant, according to the evidence, saying to Clark that one of the stills found in the coal mine was his, and we have him saying on the same night upon a subsequent occasion to the justice of the peace in substance the same thing, and we have him saying to Turner at still a third time and place on the same night that he was afraid those people were going to scorch his still, referring to the two stills found in the coal mine. Certainly similar statements made by a defendant of the same tenor and to the same effect to two different witnesses other than the accusing witness, is strongly corroborative of the statement of the accusing witness that defendant made the same statement to him that same night, and it is perfectly clear that within the rule stated the evidence of Holmes, the justice of the peace, and of Turner, were sufficiently corroborative of the evidence of Clark to authorize the submission of the case to the jury if the other evidence as to the former trial and conviction had been.

As only one offense was charged in the indictment the court properly overruled the motion to require the Commonwealth to elect under what charge it would try the defendant; for as he was charged with committing only one offense at the same time, in several different ways, proof in the manner required by law of any one of them was sufficient.

The remaining question is whether any incompetent evidence prejudicial to the substantial rights of appellant was admitted over his objection. The Commonwealth was permitted to show by a witness who testified he was a member of the jury in the Harlan circuit court when appellant was tried on the charge of unlawfully manufacturing whiskey, not only that he was a member of that

jury, but that appellant had said on that trial in his evidence that the still in question was not his, and that he had not told Squire Holmes that it was his, and in fact was permitted over appellant's objection to state in several ways the substance of his testimony.

No record evidence, however, was introduced on the trial showing either that appellant had ever been indicted under the charge of unlawfully manufacturing whiskey, or that he had ever been tried in the Harlan circuit court on any such charge or that he had ever been sworn as a witness on any such trial.

Under an indictment for false swearing a plea of not guilty puts in issue every material fact charged in the indictment, and it then becomes the duty of the Commonwealth to prove beyond a reasonable doubt, and in the manner required by law, every material thing necessary to constitute defendant's guilt.

If defendant was tried on any such charge in the Harlan circuit court there was necessarily a record of that trial; the indictment under which the trial, if any, was had was necessarily in existence, and doubtless that record would have disclosed whether defendant was sworn as a witness on that trial.

In such cases it is the rule that if there is a record in existence of the trial or proceeding in which the false testimony is alleged to have been given, it must be produced on the trial, and parol evidence of the pendency of such a proceeding is incompetent in the absence of the loss of such record. On the trial in this case no record was offered in evidence although the trial was had in the court where that record is said to be, and a comparatively short time after the former trial is said to have been had.

We do not mean to say that the evidence that one was sworn on a former trial may not be shown by parol evidence if the record when produced fails to disclose that fact, but we do mean that where in a trial under the charge of false swearing the defendant objects to evidence as to the existence of a record which is not produced, the record being the best evidence, it is the duty of the Commonwealth to produce it if it is not lost.

We are constrained to hold in this case that there being no competent evidence that appellant had ever been indicted in the Harlan circuit court as charged in this indictment, or that he had ever been tried in that court, or that he had ever been sworn as a witness in that

court, the motion of the defendant for a directed verdict should have been sustained. Partin v. Commonwealth, 154 Ky. 701; Goins v. Commonwealth, 167 Ky. 603.

For the sole reason indicated the judgment is reversed with directions to grant the appellant a new trial and for further proceedings consistent herewith.