### Harkleroad v. Commonwealth.

(Decided February 27, 1925.)

Appeal from Laurel Circuit Court.

1. Drunkards—"Drunkenness" Not a Public Offense, and Court Without Jurisdiction to Try Person Charged Therewith.—The offense of "drunkenness" is not known to state law since passage of Rash-Gullion Act, Acts 1922, c. 33, and a county court is without jurisdiction to try one charged with drunkenness, since it is not a public offense.

2. Perjury—One Giving False Testimony, in Case in which Court Without Jurisdiction, Not Guilty of False Swearing.—Defendant was not guilty of false swearing, within Ky. Stats., section 1174, even if his testimony on trial in county court for drunkenness was false, as drunkenness is not a public offense since enactment of Rash-Gullion Act, Acts 1922, c. 33, and the court was without jurisdiction.

3. Perjury—Verdict of Guilty of False Swearing Held Flagrantly Against Evidence.—In prosecution for false swearing in violation of Ky. Stats., section 1174, based on defendant's testimony given during his trial on charge of drunkenness, verdict of guilty held flagrantly against the evidence.

4. Criminal Law—Perjury—Question Whether Defendant Took Drink when he had Opportunity, and Whether he was Convicted on

Charge of Drunkenness, though Objection to Latter Sustained, Held Prejudicial, and Evidence Thereby Obtained Incompetent.— In prosecution for false swearing, in violation of Ky. Stats., section 1174, based on testimony given by defendant during his trial on charge of drunkenness, question asked defendant as to whether he had not been in habit of taking a drink when he had opportunity, whether or not he had been convicted of drunkenness, though objection to latter question was sustained, held prejudicial, and evidence thus obtained was incompetent.

5.  Criminal Law—Instruction Apparently Requiring, Instead of Authorizing, Conviction upon Certain Proof, Held Erroneous.— In prosecution for false swearing, in violation of Ky. Stats., section 1174, an instruction which was so worded that at first blush it seemed to require, instead of authorize, a conviction upon certain proof, held erroneous as confusing.

LEWIS & LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In February, 1923, appellant was arrested charged with the offense of "drunkenness" and presented for trial in the Laurel county court, where he was convicted and fined. In this trial appellant on the witness stand denied that he had been drunk as charged. Later he was indicted in the Laurel circuit court charged with the crime of false swearing as denounced by section 1174, Kentucky Statutes. The indictment set out the fact that appellant had been tried in the Laurel county court on the charge of drunkenness, as stated, and, in apt terms, accused him of false swearing, because he had testified that he had not been drunk, when in truth he had been. On his trial under this indictment, appellant was found guilty and sentenced to serve eighteen months in the penitentiary, from which judgment he appeals.

The judgment of the lower court must be reversed because the appellant's demurrer to the indictment should have been sustained; the verdict is flagrantly against the evidence; there was error in the admission of testimony, and the instructions were confusing in wording.

It will be noted that the appellant was arrested, tried and convicted in the Laurel county court on the charge of "drunkenness," an offense not known to the state law since the passage of the "Rash-Gullion Act,"

chapter 33, Acts 1922. In the case of Maynard v. Commonwealth, 202 Ky. 684, 261 S. W. 10, this court pointed out that under our present state prohibition law the legislature has penalized drunkenness only at certain designated places or under certain prescribed circumstances; and plainly did not make it a criminal offense to be drunk at other places than those designated or under other circumstances than the one named. It is clear, therefore, that the Laurel county court had no jurisdiction to try the appellant on the charge it did since that charge was not a public offense. It next follows that appellant, conceding that the testimony he gave on his trial in the county court was false, did not violate the statute against false swearing, because one who gives false testimony in a cause of which the court has no jurisdiction does not violate this section. In the case of McClannohan v. Commonwealth, 10 Ky. Opin. 72, a case involving an indictment for false swearing, this court said:

"The statement contained in the indictment, to the effect that the case in which the accused was sworn was judicially pending in the quarterly court, is not an averment of jurisdiction on the part of the court trying the cause, and this is essential to a conviction. The only distinction or the material difference between an indictment of this sort and one for perjury is that in the latter case, a false statement must have been in relation to a fact material to the issue, and in the other, any statement, made by a witness in a court having jurisdiction of the case in which the witness is testifying, that is false and known to be so at the time by the witness, is an offense within the statute. The administration of an oath in a case over which the court has no jurisdiction is, like every other part of the proceeding, a mere nullity, the judge having no more power to administer it than he would on the street where no purpose was to be accomplished by it, or any oath required."

To the same effect are Commonwealth v. Randall, 153 Ky. 334, 155 S. W. 1117, and Kerfoot v. Commonwealth, 89 Ky. 174, 12 S. W. 189.

Inasmuch as the indictment in this case fully disclosed the charge upon which appellant was tried in the county court, it at the same time disclosed the lack of jur-

isdiction of that court to try him on that charge. Hence the appellant's demurrer to the indictment should have been sustained.

On appellant's trial the Commonwealth introduced five witnesses to prove his drunkenness at the time of his arrest. Although these witnesses testified on direct examination that appellant was so drunk, cross-examination elicited the fact that they based their opinions on the grounds that he talked loud, seemed nervous and his face was flushed. One witness claimed to have smelled a trace of liquor on appellant's breath, and one that he saw appellant stagger. It was shown in the evidence that appellant when admittedly sober, was a loud talking man. The fact of his arrest could as easily account for his nervousness and flushed countenance as drunkenness could. Appellant had in charge a comrade who was drunk, and this may account for any staggering on his part. For the appellant, twelve witnesses unequivocally testified that he was sober. A reading of their testimony carries the conviction that they knew what they were talking about, and that their testimony was unbiased and their opinions based on trustworthy facts. In this state of the evidence we are compelled to say that the verdict of the jury in this case is flagrantly against the evidence.

Near the close of the trial, appellant was recalled by the Commonwealth for further cross-examination, and was asked whether or not at the time of his arrest, and for twelve months prior thereto, he had not been in the habit of taking a drink when he had opportunity. On being compelled by the court to answer this question, he did so in the affirmative. On just what theory either the trial court or the Commonwealth's attorney thought this evidence competent we are at a loss to understand. This question was followed up by one inquiring whether or not appellant had been convicted in the county court trial. Although the court sustained an objection to this question, under the circumstances its bad effect on the jury is obvious. The evidence admitted was incompetent, and the question asked, under the circumstances, prejudicial.

Lastly, although the instrutcions given by the court when analyzed by a lawyer are technically correct, yet they are so worded as no doubt to be confusing to a layman, since without study they seem at first blush to require instead of authorize a conviction if two witnesses or one witness and strong corroborating circumstances

support the Commonwealth's theory. It is better to instruct the jury after the form found in Hobson, Blain and Caldwell's Instructions to Juries, section 810.

For the reasons indicated the judgment of the lower court is reversed with instructions to grant appellant a new trial in accordance with this opinion.

Judgment reversed.