## Sams v. Commonwealth.

May 25, 1943.

Hiram H. Owens for appellant.

Hubert Meredith, Attorney General, and Frank A. Logan, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellant was charged with the statutory offense of false swearing (Ky. Statutes, sec. 1174, KRS 432.170). Upon trial he was convicted, the jury inflicting punishment by confinement in the penitentiary for

one year. The court overruled his motion for new trial and on appeal it is contended that the court erred in (1) not sustaining his motion for directed verdict; (2) in overruling motion for continuance; (3) improper remarks of counsel in opening statement, and in closing argument and improper and prejudicial instructions.

It appears that at the same term of the court appellant had been tried and convicted on an indictment for adultery, charged to have been committed with a woman named Cecil Knuckles. The instant indictment charged that on the adultery trial accused had made false answers as follows:

"What was you doing out on the side road? A. Out riding around, she had her kids and sons. Q. Always somebody with you? A. Yes, sir."

The official stenographer, reading from her notes, testified that on the former trial appellant had been asked the questions and answered them as charged in the indictment. Several witnesses then testified that they had seen the two prior to July 11, 1942, on the main highway and on the Poplar Grove road, parked on the side of the road. This latter is called a cross or side road by witnesses, but is not the side road running up to Jim Steele's home. Only one witness testifies, and not clearly, to having seen the two alone on the Steele side road.

In appellant's testimony, admitting he had made the answers above quoted, he insists that he thought the questions propounded on the original trial had reference to the Steele road, and that he did not undertake to mislead the jury into believing that he had not been seen on the Poplar Grove road alone with the woman, and the meager proof in the first trial may be construed that he did make, at least indirectly, such admissions.

We have held in many cases that in order to convict on a charge of false swearing the charge must be sustained by two witnesses, or one witness and strong corroborating circumstances. Williams v. Com., 287 Ky. 570, 576, 154 S. W. (2d) 563, 136 A. L. R. 1398; Com. v. Wheeler, 235 Ky. 327, 31 S. W. (2d) 377; Thompson v. Com., 239 Ky. 627, 40 S. W. (2d) 287; Com. v. Sesco, 279 Ky. 791, 132 S. W. (2d) 314.

The official stenographer did not attempt to testify

as to falsity. In an effort to bring about a conviction the Commonwealth introduced twelve witnesses, and as stated only one undertook to say that appellant and his companion were seen on what is called the "Steele Road" alone. Several stated that appellant was seen alone with the woman on the Poplar Grove road; on the main highway, at church, in a restaurant and at a carnival, and, perhaps, other places. Whether appellant was ever asked on the first trial about being alone with her at any of these places, is not disclosed in this record, since we have before us only his cross-examination.

In the absence of that record, and the wide course the proof was permitted to take on this trial, it may be well assumed that the proof on the first trial was at least confined to appellant's having been seen with the woman either on the Steele or Poplar Grove road. If these witnesses did testify on the former trial as they did on this, it was totally immaterial whether the two had been seen at any time alone on the Steele road.

The objection as to refusal to grant continuance need not be considered. The instruction is artlessly framed, and in the form drawn may not have been understood by the jury. It is noted that the indictment charged that in answer to the question "Always somebody with you?" he answered, "Yes, sir." The court in instruction made this reply to read: "That there was always somebody with him when they were out on the side road." This may not have been prejudicial, but it would have been proper to have incorporated the words used in the indictment. It may be suggested that if the proof be such on another trial as to justify submission, the court should adopt the form of instruction laid down in No. 941, Stanley's Instructions to Juries, and approved in Harkleroad v. Com., 207 Ky. 552, 269 S. W. 724.

There were statements made, both in the presentation and argument of the case, which came near going beyond the bounds of propriety, and perhaps prejudicial. If another trial be had counsel should adhere to proof, of course with some latitude as to comments on the facts. As presented to us we are compelled to reverse the judgment with direction to grant new trial; if the facts be not more sufficiently developed than on the instant trial the court should direct acquittal.