## Benge v. Commonwealth.

Nov. 14, 1944.

Wm. Lewis & Son for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Appellant lists the following grounds in support of his contention that the judgment convicting him of false swearing should be reversed: The Court erred (1) in overruling his demurrer to the indictment; (2) in admitting incompetent evidence introduced by the Commonwealth; (3) in overruling his motion for a peremptory instruction at the conclusion of the evidence for the Commonwealth, and at the conclusion of all the evidence; (4) in the instructions to the jury; and (5) in overruling his motion for a continuance.

The indictment charged that appellant swore falsely on the trial of a case in which he was defendant at a former term of the Clay Circuit Court, and in which case the jury returned a verdict of not guilty. In support of his first ground for reversal, it is argued that the indictment is faulty, by reason of duplicity. The indictment charges appellant with the single crime of false swearing; but relates that he falsely swore at the same trial as to four different matters, all of which were specified in the indictment. Appellant was informed by the indictment of the particulars of the accusation; and he was informed by the indictment that it would be necessary for him to meet the charge in respect to each of the four statements. A conviction or acquittal on the trial would operate as a bar to a future trial on the same charge, if committed in any of the particulars set out in the indictment. The precise question was decided adversely to appellant's contention in Day v. Commonwealth, 195 Ky. 790, 243 S. W. 1051, 1053. See also Roberson's New Kentucky Criminal Law & Procedure, Sec. 746, p. 951. Those authorities further recite that, since the indictment is not demurrable on the ground of duplicity, the Commonwealth cannot be required to elect under which charge it will try the defendant.

The first evidence objected to is the oral testimony of the Clerk of the Clay Circuit Court, to the effect that, at the May, 1943, Term, there was pending in that Court a criminal case in which Chester Benge was the defendant, upon the trial of which appellant appeared as a duly sworn witness. The objection to this testimony is that the facts testified to by the Clerk, if true, were matters of public record; and, in the absence of a showing that the record has been lost, it was incumbent on the Commonwealth to prove these facts from the record itself, as the best evidence of which the case is susceptible. We agree with this contention; the precise question likewise having been decided in Day v. Commonwealth, supra; in that case, the Court said:

"In such cases it is the rule that, if there is a record in existence of the trial or proceeding in which the false testimony is alleged to have been given, it must be produced on the trial, and parol evidence of the pendency of such a proceeding is incompetent in the absence of the loss of such record. * * *

"We do not mean to say that the evidence that one

was sworn on a former trial may not be shown by parol evidence if the record, when produced, fails to disclose that fact, * * *."

The Court Reporter was permitted to testify as to the testimony given by appellant on his former trial. In testifying orally concerning these matters, she was permitted to refer to the transcript of the evidence taken by her on the former trial, to refresh her recollection. It is claimed that this was error; that since the evidence was first recorded in shorthand notes, and the transcript was never made a part of the original record, the witness should have been required to testify from the shorthand notes, and not from a partial transcript of such notes. Had a transcript of the testimony been made a part of the record in the former trial, it would have been the best evidence of the testimony; although, in that event, if any part of it had been questioned, it would have been competent to have produced the Reporter to prove the verity of the transcript; and, in this connection, it would have been competent for her to refresh her recollection by referring to her shorthand notes. But in the absence of a court record of the testimony of appellant at his former trial, it was perfectly competent to prove the matters to which he testified by the official Court Reporter, or any other witness who heard him testify on the former trial; and the Reporter was privileged to refresh her recollection by reference to any memorandum she may have made. What we have said covers the objection to the testimony of Cundiff Gregory and Harvey Jones, who were members of the jury on the former trial, and who testified concerning the testimony given by appellant on that trial.

It is next insisted that the Court erred in permitting Tom Hollin, who was the prosecuting witness on the former trial, to testify as to what occurred in respect to the commission of the crime for which appellant previously was tried. On the former trial, appellant was charged with shooting into the house of Tom Hollin. It is charged in the indictment that he swore falsely in his testimony establishing an alibi. Hollin testified on that trial, and here, that he saw appellant within a few feet of his house on the night it was charged he shot into the witness's residence; and it was competent for him to explain in detail the witness's actions and activities on that night, in proof of the charge that the witness

swore falsely in his endeavor to convince the jury that he was not present and did not shoot into the house. The commission of the original crime was so interwoven with the pertinent fact under investigation that we believe the testimony complained of was essential to the case for the Commonwealth. Whilst the general rule of evidence applicable to criminal cases is that the Commonwealth cannot prove against a defendant any crime which is not alleged in the indictment, there are exceptions to the rule; one of which is, that where the crimes are so connected as to make it necessary to refer to the one in proof of the other, such testimony is competent. Richardson v. Commonwealth, 166 Ky. 570, 179 S. W. 458; Roberson.'s New Kentucky Criminal Law and Procedure, Sec. 1794, pp. 1899 and 1900. But, in such case, if the evidence is objected to, the Court should admonish the jury the purpose for which the testimony is permitted to be considered by them. This admonition will be given on the next trial, although we are not prepared to say that in this case it would have been an error sufficiently prejudicial, of itself, to require a reversal of the judgment.

The local registrar for the Bureau of Vital Statistics was permitted to testify concerning the date of the birth of David Ray Brown, as shown by a record in her office. The date of the birth of this child was a relevant fact to be proven by the Commonwealth. KRS 213.010 to 213.990, inclusive, provides for the establishment of the Division of Vital Statistics in the Department of Health, and sets out the duties and the authority of the Division. KRS 213.190 provides that the Division, upon request, shall furnish any applicant a certified copy of the record of any birth registered under the provisions of the Act, and such certified copy shall be prima facie evidence in all courts and places of the facts therein stated. That section further provides that, in cities of the first and second classes, such certified copies may be furnished by the local health authorities. The testimony of the local registrar was not rendered admissible by this provision of the Statutes. She did not present a certified copy of the record concerning which she testified, for which reason the Court erred in admitting the testimony.

When the case was called for trial, the defendant filed motion for continuance, supported by affidavits of the three attorneys who represented him. The basis of the motion was the absence of the witness, Haley Cor-

nett, the wife of Walter Cornett. It appears from the motion and affidavits that Mrs. Cornett was confined to her home by illness, and unable to be present in person at the trial. It further appears that she is a highly intelligent woman, and had testified at length in the previous trial of the defendant. If her testimony had been believed, as it was on the other trial, appellant would have been exonerated in respect to one of the statements the indictment charged he had falsely sworn to. Indeed, it is the only statement for the false making of which the jury, under the evidence, could have found him guilty. The two witnesses testifying to facts in proof of the falsity of the statement were contradicted only by appellant, one witness present in court, and the absent witness. The two witnesses for the Commonwealth testified that appellant spent the night of the shooting at their home; whereas, appellant, the absent witness, and her husband testified on the first trial that he spent the night at the home of the absent witness. The prosecuting witnesses testified that the moon shone brightly all through the night; it was shown conclusively that their testimony in this regard could not have been true, because the moon on that evening set at 7:20 o'clock P. M. With conviction depending upon the testimony of these witnesses, and the doubt cast upon their testimony by their further testimony that the moon was shining brightly, the presence of the absent witness was very material and important to appellant's defense. In addition to that, over thirty witnesses were subpoenaed for the Commonwealth, of the presence of some of whom appellant had no notice, and whom appellant had no opportunity to interview to determine the details he would be called upon to refute, and which it is conceivable could have been refuted only by the absent witness. That being true, we are of the opinion the Court erred in not sustaining his motion for a continuance on account of the absence of this important witness; which error, alone, would require a reversal of the case.

Appellant further complains of Instruction No. 2, which was given as follows:

"The jury should find the defendant not guilty, unless it is proven by the testimony of two witnesses, or of one witness and strong corroborating circumstances that he swore falsely."

Complaint concerning this instruction is that it fail-

ed to require proof of his guilt beyond a reasonable doubt by the testimony of two witnesses, or one witness and strong corroborating circumstances. The point is well taken. Capps v. Commonwealth, 294 Ky. 743, 172 S. W. 2d 610; Hansford v. Commonwealth, 170 Ky. 700, 186 S. W. 498. If there should be another trial, the instruction will be corrected to meet the objection made. But, since the case must be reversed for the reasons hereinbefore assigned, it is unnecessary for us to determine whether this error, in the light of the other instructions, was prejudicial.

The first instruction, by the use of the conjunctive instead of the disjunctive, required the jury to believe all of the statements alleged in the indictment, before the jury could find the appellant guilty of the charge. Appellant complains of this instruction. It is obvious that it is more favorable to him than it would have been, had the proper instruction been given. There might be merit to his complaint, if it were made concerning the finding of the jury under that instruction, because there was not sufficient evidence to support the jury's verdict that he swore falsely to all of the statements charged in the indictment and listed in Instruction No. 1. If there should be another trial, and the evidence justifies the submission of appellant's guilt in respect to more than one statement, the Court will use the disjunctive, instead of the conjunctive, in Instruction No. 1.

Since the evidence on the next trial may not be the same, we will reserve our decision in respect to the alleged error of the Court in overruling appellant's motion for a peremptory instruction.

Judgment reversed.

Whole Court sitting.

Judge Thomas dissenting.