# Daniels v. Commonwealth.

Oct. 9, 1945.

Dinkle & Fannin and Wm. B. Martin for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

L. R. Daniels was charged with the crime of false swearing. Upon his trial he was found guilty and sentenced to one year in prison. He charges in this appeal that the indictment is defective and that the instructions are erroneous. The indictment follows:

"The Grand Jury of the County of Lawrence in the name and by the authority of the Commonwealth of Kentucky, accuse L. R. Daniels of the crime of false swearing or perjury, committed in manner and form as follows, to-wit:

"The said defendant in the said County of Lawrence, on the 15th day of June A. D., 1944, and within twelve

months before the finding of this indictment, did unlawfully after being duly sworn on the 7th day of March, 1944, in the county aforesaid, and after being duly sworn by W. S. Boggs, a Judge of the Lawrence County Court, who had a right and authority to administer such oath, did unlawfully, wilfully, corruptly, knowingly, falsely and feloniously testify as a witness in said cause, that he, the said L. R. Daniels, testified that 'while Irene was at her parents home in January, 1943 that he went to see her every week and took food and medicine for her and gave her money, and continued to do so until Mr. and Mrs. Pigg run him off, chased him, and threatened to shoot him and kill him' when in fact and in truth the said L. R. Daniels did not go to see his wife, Irene every week in January, 1943, and did not take food or medicine for her nor give her money, nor did Mr. and Mrs. Pigg run him off, chase him nor threaten to shoot and kill him, which testimony was false and untrue and was known by the said L. R. Daniels to be false and untrue at the time he testified and the said testimony being material to the issue in the trial of the said case of C. A. Jarvis et al., plaintiff, vs. Mrs. L. R. Daniels and L. R. Daniels, defendants.

"This indictment is in lieu of Indictment No. 2427 returned at the March Term 1944, of the Lawrence Circuit Court.

"Contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

We may say at the outset that the evidence of the witnesses for the Commonwealth, Daniels' former wife and his former mother-in-law and father-in-law, fell far short of meeting all the charges in the indictment, but we are not prepared to say that it was not sufficient to warrant the submission of the case to the jury. We believe, however, that the indictment is defective.

The crime of false swearing is covered by KRS 432.170. This section reads as follows:

"If any person, in any matter which is or may be judicially pending or which is being investigated by a grand jury, or on any subject in which he can legally be sworn or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath,

shall willfully and knowingly swear, depose or give in evidence that which is false, he shall be confined in the penitentiary for not less than one nor more than five years.'' In effect, the indictment charges that Daniels was sworn by the judge of the Lawrence County Court, who had a right and authority to administer an oath; that he gave false testimony ''in said cause''; that he knew the testimony to be untrue at the time he testified; and that the testimony was material to the issues ''in the trial of the said case of C. A. Jarvis, et al., plaintiff, vs. Mrs. L. R. Daniels and L. R. Daniels, defendants.'' The first reference to the ''said cause'' is without meaning, because no cause of action is referred to in the first part of the indictment. True it is that it is charged that Daniels knowingly gave false testimony, but the latter part of the indictment does not set forth when he gave it or that he actually gave it in an action judicially pending. Reference is made to a case of Jarvis et al. v. Mr. and Mrs. Daniels, but it is not shown where that action was pending. By inference one must conclude that the action was pending before the judge of the Lawrence County Court. There is no showing whatever as to the character of the action. Reference to the record shows that it was a civil action in which Jarvis was trying to collect an account in the amount of $148 from the Danielses, and there is a statement in the record also to the effect that the action was pending in the Lawrence County Court. A county court would have no jurisdiction of such an action, KRS 25.110; however, a quarterly court would have jurisdiction of such an action. KRS 25.410.

It is the settled rule in this state that, where one is charged with testifying falsely in a judicial action, an indictment is fatally defective which fails to state a matter judicially pending. Childress v. Commonwealth, 197 Ky. 641, 247 S. W. 705; Sanlin v. Commonwealth, 212 Ky. 394, 279 S. W. 648. Furthermore, an indictment for false swearing, such as the one under consideration, must show that the court in which the action was judicially pending had jurisdiction to try the cause. Commonwealth v. Ransdall, 153 Ky. 334, 155 S. W. 1117; Harkleroad v. Commonwealth, 207 Ky. 552, 269 S. W. 724. As pointed out in Strader v. Commonwealth, 240 Ky. 559, 42 S. W. 2d 736, the giving of false testimony in a matter judicially pending comprehends the giving of testimony in a case pending in a court having jurisdic-

tion of it. A careful examination of the indictment under consideration does not show that it charged the giving of false testimony in a matter in the Lawrence quarterly court by Daniels, or that the court had jurisdiction of the cause.

The complaint against the instructions relates to the second one. It follows:

"The jury should find the defendant not guilty unless it is proved by the testimony of two witnesses or of one witness and strong corroborating circumstances that he swore falsely." The contention is that the words "beyond reasonable doubt" should have been inserted after the word "proved." The reasonable doubt admonition was included in the first instruction which dealt with the specific charges against Daniels. The third instruction provided:

"If the jury have a reasonable doubt of the defendant being proved guilty, they should find him not guilty." Reference to section 941 of Stanley on Instructions to Juries will show that this character of instruction has been approved. The criticism of such an instruction in the recent case of Benge v. Commonwealth, 298 Ky. 562, 183 S. W. 2d 631, seems not to be in keeping with the general weight of authority in this jurisdiction.

Judgment reversed, with directions to set it aside and for proceedings consistent with this opinion.