## Whitaker v. Commonwealth.

December 15, 1950.

R. C. Tartar, Judge.

H. K. Spear for appellant.

A. E. Funk, Attorney General and Zeb A. Stewart, Assistant Attorney General for appellee.

CHIEF JUSTICE SIMS—Reversing.

Appellant was convicted of false swearing and his punishment fixed at confinement in the penitentiary for three years. Ten grounds are assigned for reversal of the judgment, but as some of them are repeated, while others are split into several parts, we think it may be

fairly stated that appellant argues the judgment should be reversed because the court erred: 1. In overruling his demurrer to the indictment; 2. in not directing a verdict in his behalf; 3. in admitting incompetent evidence; 4. in permitting improper conduct and argument by the Commonwealth Attorney; 5. in improperly instructing the jury.

The indictment charged appellant with giving false testimony under oath in a court held by Hon. C. I. Ross, County Judge of Pulaski County, inquiring into the cause of the death of Maurice Ward, in that appellant knowingly made false statements that he did not on Sept. 25, 1949, sell one-half gallon of whiskey each to Ward Bullock and Russell Chaney, which statements were pertinent to the matter under investigation. It is urged that as the indictment did not aver Ward's death occurred in Pulaski County, or that the whiskey was sold there, it was bad on demurrer, citing Mitchell v. Commonwealth, 237 Ky. 849, 36 S. W. 2d 649; Daniels v. Commonwealth, 300 Ky. 541, 189 S. W. 2d 849.

The indictment in the Mitchell case did not aver that the fire marshal had authority to investigate the matter in which it alleged Mitchell made a false statement under oath. In the Daniels case a demurrer was sustained to the indictment because it failed to aver the court in which the action was pending had jurisdiction to try the cause.

In the instant case the indictment specifically averred the court of inquiry before Judge Ross had jurisdiction and authority to investigate the death of Ward and the selling of the whiskey to Bullock and Chaney. This averment was sufficient to show the jurisdiction of the court in the matter under investigation. Commonwealth v. Ransdall, 153 Ky. 334, 155 S. W. 1117.

It appears from the record Ward got drunk on the whiskey appellant was alleged to have sold Bullock and Chaney and was burned to death while in an intoxicated condition. Both Bullock and Chaney testified they each bought half a gallon of whiskey from appellant on Sept. 25, 1949. Judge Ross testified that in a court of inquiry over which he presided appellant stated under oath he did not sell any whiskey to either Bullock or Chaney on that date. C. Homer Neikirk, County Attorney, gave practically the same testimony as did Judge Ross. Ap-

pellant testified that he never sold the whiskey on the date mentioned to Bullock or Chaney.

The rule is that to convict one of false swearing the charge must be sustained by two witnesses, or one witness and strong corroborating circumstances. Sams v. Commonwealth, 294 Ky. 436, 172 S. W. 2d 44; Capps v. Commonwealth, 294 Ky. 743, 172 S. W. 2d 610. In the instant case two witnesses unequivocally testified they bought whiskey from appellant on Sept. 25, 1949, and although he denied the sales and was corroborated by several witnesses, there was sufficient evidence to take the case to the jury and to sustain the verdict.

In rebuttal the commonwealth attorney proved by the sheriff of Pulaski County, J. B. Jasper, that appellant's general moral reputation was bad. On cross-examination the witness was asked if close neighbors "say his character was bad" and Jasper replied, "Any of the neighbors in that end of the county will tell you he has been in the liquor business." Thereupon, appellant moved to set aside the swearing of the jury and to continue the case, which motion was overruled. This ruling was correct but the court should have excluded this incompetent answer, as he did when the next witness, Mary Hunter, was asked about appellant's moral reputation and replied she had heard he was a bootlegger. In both instances the court should have admonished the jury the purpose of such evidence was to affect only appellant's credibility as a witness, if it did so do. Shell v. Commonwealth, 245 Ky. 223, 53 S. W. 2d 524.

A more serious error was committed by the court when he permitted the commonwealth attorney to repeatedly ask witnesses if appellant was not engaged in the business of illegally manufacturing and selling whiskey. This improper question was first asked appellant on cross-examination and the court sustained an objection thereto, yet the commonwealth attorney asked four other witnesses for appellant on their cross-examination this same character of question. It seems a deliberate and persistent attempt was made to bring to the jury's attention evidence which the commonwealth attorney knew was not only incompetent but highly prejudicial in this character of case, and thereby to prevent appellant from receiving a fair and impartial trial. Such conduct was condemned by us in McDaniel v. Common-

wealth, 277 Ky. 824, 127 S. W. 2d 866, and authorities cited therein. It was said in the McDaniel opinion that for the commonwealth attorney to persist in asking questions the court had ruled incompetent was both highly improper and contemptuous of the court, and the trial judge should have seen that his rulings were adhered to, and if necessary, to summarily punish the offending counsel for contempt.

The commonwealth attorney did not content himself with asking questions he knew to be incompetent after the court had sustained objections thereto, but the bill of exceptions shows he made this inflammatory statement in his argument to the jury: "John Whitaker is as much responsible for the death of Maurice Ward as if he had held a pistol to his head and blown his brains out." The court correctly sustained an objection thereto and admonished the jury not to consider this statement. On another trial the attorney representing the commonwealth should not forget he is an officer of the court and will confine his argument to the issue presented to the jury, whether appellant is guilty of false swearing, and not argue he was responsible for the death of Maurice Ward. Appellant was not on trial for murder but for false swearing.

The complaint of the instructions is that the second one, "The jury should find defendant not guilty unless it is proved by the testimony of two witnesses, or one witness and strong corroborating circumstances, that he swore falsely," failed to include the words "beyond a reasonable doubt" after the word "proved." Benge v. Commonwealth, 298 Ky. 562, 183 S. W. 2d 631 is cited. True, in the Benge opinion we said it was error not to include the phrase "beyond a reasonable doubt" in the second instruction, which was identical with the one given in the instant case. But subsequently in Daniels v. Commonwealth, 300 Ky. 541, 189 S. W. 2d 849, it was pointed out that in the third instruction the court told the jury if it had a reasonable doubt of defendant having been proven guilty to acquit him; and we there said it was not necessary to incorporate "reasonable doubt" in the second instruction. Here, as in the Daniels case, the first instruction also required appellant to be proven guilty beyond a reasonable doubt. The Daniels opinion said the Benge case was against the weight

of authority in this jurisdiction. Therefore, the Daniels case overruled the Benge case.

The judgment is reversed because of the misconduct of the commonwealth attorney in repeatedly asking appellant's witnesses if he were not engaged in the illegal manufacture and sale of whiskey after the court had sustained an objection to that line of cross-examination. His improper argument is condemned but it is not necessary to determine whether we would reverse the judgment on that account alone, since an objection was sustained thereto and the jury admonished not to consider the statement.

The judgment is reversed for proceedings not inconsistent with this opinion.