Calvin ROLLYSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 6, 1959.

C. B. Upton, Williamsburg, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Calvin Rollyson was found guilty of common law rape of a 16-year-old girl, and the jury imposed a sentence of 10 years' imprisonment, which is the minimum penalty under the statute, KRS 435.090. He appeals from the judgment entered on the verdict.

We find merit in one of the grounds of error asserted, which relates to the asking of improper questions on cross examination by a special assistant prosecutor.

The defense was an alibi; and the defendant took the stand to testify in support of this defense. On cross examination, the prosecutor asked this question: "Have you ever been accused of rape?" An objection immediately was made, and a motion to discharge the jury. The court sustained the objection, and admonished the jury not to consider the question, but overruled the motion to discharge the jury. Later in the trial a police officer was called to testify for the defense. During cross examination, the prosecutor approached the bench and stated that he wanted to ask a question of the witness out of the presence of the jury, and that the question was: "Did you state to me there that this boy had been accused of rape in three or four cases before this?" Defense counsel moved the court to declare a mistrial, on the ground that the prosecutor had spoken loud enough for the jury to hear the question. The judge said, "Yes, I believe you made the statement loud enough for the jury to have heard." He then sustained the objection to the question, but overruled the motion to declare a mistrial. He admonished the jury in these words:

"Ladies and gentlemen, I don't know whether you heard the question, or not, but if you did hear any statement that Mr. Brown made when he walked up to the table here a minute ago, before we went out in chambers, you will not consider that statement for any purpose. Just dismiss it from your mind entirely."

Upon this record, we believe the case must be considered on the basis that the question was in fact heard by the jury.

The questions asked concerning previous accusations of rape against the defendant were highly improper, and there was no possible justification for their being asked. It is doubtful that the first question, standing alone, could be considered prejudicial, since the court did not permit it to be answered, and admonished the jury to disregard it. See Vontrees v. Commonwealth, 291 Ky. 583, 165 S.W.2d 145; Warman v. Commonwealth, 207 Ky. 738, 270 S.W. 48. However, the prosecutor did not take warning from the ruling on his first question, but insisted on making another attempt to get before the jury the idea that the defendant had previously been accused of rape. We have held many times that the persistent or repeated asking of improper questions in a criminal prosecution is prejudicial error. See Whitaker v. Commonwealth, 314 Ky. 303, 234 S.W.2d 971; McDaniel v. Commonwealth, 277 Ky. 824, 127 S.W.2d 866; Stewart v. Commonwealth, 185 Ky. 34, 213 S.W. 185.

The fact that the jury here imposed only the minimum penalty does not indicate that there was actually no prejudice. There was substantial evidence in support of the defendant's alibi, and the jury might have been led to feel that despite a doubt as to whether he was the real culprit in this case, he should be "put away" because the previous accusations indicated he was a menace to society.

■ We hold that the repetition of the improper question constituted prejudicial error, requiring a reversal of the judgment.

Other grounds of error asserted require only brief comment.

There is some complaint of leading questions on the direct examination of th

prosecutrix, but in view of her youth and apparent difficulty in relating a detailed story, we think the particular questions were not improperly leading.

█ It is claimed that the testimony of the victim's mother, that the place pointed out to her by her daughter as being the scene of the offense was in Whitley County, should have been excluded as hearsay. There was some question in the case about venue, and it appears that the purpose of the mother's testimony was merely to show that the place where the offense was alleged to have occurred was in fact inside the Whitley County boundaries. This was not hearsay.

█ The contention is made that the doctor who examined the girl a few hours after the alleged rape should not have been permitted to testify that the girl told him she had been "raped." The doctor was merely testifying as to the reason stated by the girl for seeking examination and treatment by him at an hour in the middle of the night, and he did not mention any other statement made by the girl concerning the alleged offense. The testimony could not have been prejudicial under the particular circumstances of this case, where the defense was an alibi, because the only real issue was whether the defendant was the person who had committed the act complained of, and not whether the act had in fact been committed. However, it does not appear that the statement was one necessary to have been made to the doctor to enable him to determine the treatment required (see Chesapeake & O. R. Co. v. Hay, 248 Ky. 69, 58 S.W.2d 228), or that there was any other ground of necessity for this testimony, so upon another trial it should be excluded.

█ It is argued that the defendant was entitled to an instruction on lesser degrees of the offense charged. This is on the theory that the girl's testimony did not prove penetration. We think the testimony taken as a whole is subject to no other interpretation than that there was a penetration, and it was not necessary for the girl to use certain specific words to state that fact. See Bailey v. Commonwealth, 312 Ky. 764, 229 S.W.2d 767.

█ There is also a contention that there should have been a separate, special instruction on venue, and that the general instruction requiring the jury to find that the offense occurred in Whitley County was not adequate. The girl testified positively that the offense was committed at a certain place in Whitley County. The defense attempted to discredit or impeach her testimony by evidence that she had told a policeman, shortly after the offense occurred, that it took place in Knox County, and she had obtained a Knox County warrant. There was no direct evidence that the offense was committed elsewhere than in Whitley County. Under these circumstances, we think the general instruction certainly was sufficient; furthermore, we are not aware of any case holding, under any circumstances, that a special instruction on venue was required.

█ A final contention concerns alleged improper argument of the prosecuting attorney in stating to the jury that "The beasts of the forests have never treated the opposite sex as this little girl has been treated." It is not necessary for us to decide whether this was prejudicial. It is sufficient that we caution the prosecutor, upon another trial, not to resort to abusive or inflammatory argument.

Because of the error in repeating improper questions, the judgment is reversed.