Diann Thompson JONES, Petitioner,

v.

B. Robert STIVERS, Judge, Laurel Circuit Court, Respondent.

Court of Appeals of Kentucky.

Dec. 5, 1969.

Robert E. Cato, London, for appellant.

OSBORNE, Judge.

This is an action by Diann Thompson Jones against the Honorable B. Robert Stivers, Judge of the Laurel Circuit Court, for a writ of prohibition.

It appears from the record that petitioner is presently a party to a divorce action pending in the Laurel Circuit Court which she instituted against her husband on June 27, 1969. Since the action was instituted, there have been one or more hearings on preliminary motions in the action.

Petitioner alleges in her petition for prohibition that on several occasions she requested her attorney to file an affidavit to remove the Honorable B. Robert Stivers from the bench, but that he failed to do so and that she discharged her attorney and employed substitute counsel who did on October 27, 1969 [1] file a motion to vacate supported by petitioner's affidavit, in which she alleges:

1. That her husband contributed to Stiver's campaign for re-election as circuit judge.

2. That the defendant and Stivers are political allies and have been for some time.

3. That she personally was requested by Stivers to delay filing the divorce case until after the primary election for circuit judge was complete.

4. That she believes that Stivers counseled her husband and advised him during and before the pendency of the action.

5. That she has just learned that Stivers stated on several occasions to the defendant that he would receive certain items of personal property.

6. That at one time Stivers did step down from the case but changed his mind and resumed the bench.

From the affidavit we are persuaded that items one and two might be sufficient to disqualify the circuit judge had the affiant just come into this information. However, it appears that she had this information at a time when she elected to proceed before the court in her action and did not elect to use it until such time that the court made what she deemed to be adverse rulings to her. Her attorney files his affidavit in which he states that the time allowed by the court in its order fixing dates for taking depositions is not sufficient for him to prepare the case. Of course, this is not grounds for prohibition.

If we take the allegations in petitioner's affidavit as true, which we must do, they do not clearly show that she proceeded timely to remove the judge. Her attorney has not requested of the court additional time in which to prepare the case. We feel sure that had he done so, the court would have granted additional time in view of the change in counsel.

Petition for prohibition denied.

HILL, C. J., and MILLIKEN, NEIKIRK, REED, and STEINFELD, JJ., concur.

---

[1] The photo copies of this motion do not show when it was filed with the circuit court, however, the motion carries a notice of hearing set for October 27, 1969.