George MURRAY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

July 2, 1971.

Rehearing Denied Dec. 17, 1971.

James A. Crumlin, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Laura L. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

A jury found George Murray guilty of false swearing and fixed his penalty at imprisonment for one year, the minimum punishment prescribed by KRS 432.170. He attacks the judgment of conviction, assigning as bases for reversal that (1) the indictment was fatally defective; (2) the trial judge erroneously declined to vacate the bench; (3) change of venue should have been granted; (4) improper comment of prosecuting attorney prejudiced appellant's right to a fair trial; (5) a directed verdict of acquittal should have been given; and (6) the instructions were erroneous.

The charge of false swearing was based on appellant's testimony upon his trial on a charge of violating the local-option law. Murray had denied being present at the scene of a collision between two motor vehicles, from one of which the allegedly contraband alcoholic beverages were removed. Two witnesses testified at the trial for false swearing that Murray was at the accident scene and caused the alcoholic beverages to be hauled away. These same witnesses testified to hearing Murray testify to the contrary at the earlier trial in the Adair Circuit Court on the liquor charge.

■ Appellant's complaints about the indictment are meritless. His reliance upon Daniels v. Commonwealth, 300 Ky. 541, 189 S.W.2d 849; Greenwell v. Commonwealth, Ky., 316 S.W.2d 353; and Lee v. Commonwealth, Ky., 310 S.W.2d 549, is misplaced in light of RCr 6.10. The cited decisions were rendered during the reign of the Criminal Code and were appropriate when rendered, but are no longer governing as to the requisites for an indictment. The present indictment, after its caption containing the style of the case and court in which it was presented, formally charged Murray with the crime of "False Swearing," but made no statutory reference. However, the details of the charge were thus related:

"The said George Murray in the County and Commonwealth aforesaid on

the 13th day of July, 1970 and within twelve months before the finding of the indictment herein, did unlawfully, willfully, falsely swear that he did not go to the scene of an accident between the vehicles driven by Donald Tucker and Ronnie Burbridge and unload from said Burbridge vehicle beer, whiskey and wine, all while under oath in the action of Commonwealth of Kentucky Vs. George Murray on the charge of transporting intoxicating beverages for the purpose of sale."

The indictment was adequate since it contained "a plain, concise and definite statement of the essential facts constituting the specific offense with which" Murray was charged. RCr 6.10(2). See Riis v. Commonwealth, Ky., 418 S.W.2d 396; Fitzgerald v. Commonwealth, Ky., 403 S. W.2d 21.

■ After the trial had begun and some preliminary motions had been ruled on, counsel for appellant asked the trial judge to vacate the bench, orally asserting: "Mr. Murray is of the opinion that the court has some personal feelings in this matter and should disqualify himself." The motion to vacate was properly overruled for many reasons, including its untimeliness (Jones v. Stivers, Ky., 447 S.W.2d 869, and cases compiled in West's Ky. Digest, 11–B, Judges, ▮▮▮▮▮▮▮▮ it was not in proper form, oral and unverified (KRS 23.230(1)); even the oral allegation contained no assertion of a factual basis for disqualification (Lilly v. O'Brien, 224 Ky. 474, 6 S.W.2d 715).

■ The motion for change of venue was not made as prescribed by KRS 452.-220(2), as no written petition for such change was filed. There was no verification by the defendant, nor supporting affidavits by two (or any) other credible persons. The court permitted the accused to testify in a hearing relating to the claimed need for change of venue, but no basis for such a change was presented.

■ Counsel for appellant orally moved the court to disqualify the jury panel, asserting that the Commonwealth's attorney had commented in the presence of the entire array that "We don't know yet on which case we are going to try him—which case did we try him on last?" It was averred that the prosecuting attorney made the remarks while displaying several papers in his hand. There was no affidavit or other evidentiary material offered to support the charge of error. The bare assertion of counsel was insufficient to put into the record the claimed error.

■ Appellant insists that a directed verdict of acquittal should have been given. It is claimed that there was a failure to prove that the appellant knew the testimony was false when he gave it, and a lack of proof that he was sworn when he gave the evidence. The knowledge, vel non, of the falsity of the evidence proved itself. Either appellant was at the accident scene or he was not there. He certainly knew whether he was there or not. When he swore he was not present, he had to know that the evidence was false if in fact he was present. As to his being sworn, there was direct testimony from the court reporter who took the evidence at the previous trial that appellant was sworn. When appellant took the stand in the trial from which this appeal was taken, he said he was sworn on the occasion of the former trial.

■ Complaint is made of the instructions. No objection was made when the instructions were given, nor was any objection presented in the motion for new trial. No claim of error in this respect was preserved for appellate review. RCr 9.54(2); Hartsock v. Commonwealth, Ky., 382 S.W.2d 861.

■ Appellant argues, in a "residuum" type attack, that the cumulation of irregularities requires a reversal. On the contrary, the assessment of the minimum punishment, considered in light of the strong

evidence of guilt, indicates that no prejudicial error occurred. See Wright v. Commonwealth, Ky., 455 S.W.2d 561, and Abernathy v. Commonwealth, Ky., 439 S.W.2d 949.

The judgment is affirmed.

All concur.